UNITED STATES of America, Plaintiff–Appellee,

v.

Charles E. MOLEN, a/k/a Charles E. Egbire–Molen, a/k/a Charles Eromosele Molen, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Harrison MOLEN, Defendant–Appellant.

Nos. 92–5788, 92–5789.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 1, 1993.

Decided Nov. 9, 1993.

---

Brian Joseph Murphy, Stanley H. Needleman Law Offices, Baltimore, MD, argued, for appellants.

Jefferson McClure Gray, Asst. U.S. Atty., Baltimore, MD, argued (Gary P. Jordan, U.S. Atty., on brief), for appellee.

Harry L. Chase, Baltimore, MD, on brief, for appellant Harrison Molen.

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

## OPINION

WILKINS, Circuit Judge:

Appellants Charles and Harrison Molen were sentenced to terms of imprisonment and ordered to pay restitution totaling $209,421.33 to multiple victims following their pleas of guilty to conspiring to produce, possess, and use counterfeit access devices and related offenses in violation of 18 U.S.C.A. § 1029 (West Supp.1993). The Molens, although appealing their sentences on various grounds, primarily argue that the district court erred in failing to make specific factual findings to support the restitution order. Because adequate factual findings were not made, we vacate and remand for the district court to make the appropriate findings and then determine what, if any, appropriate restitution orders should be made. The other issues raised by the Molens are without merit, and, therefore, we affirm as to them.

### I.

The Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C.A. §§ 3663–64 (West 1985 & Supp.1993),[1] authorizes a district court to order a defendant to pay resti-

---

1. The VWPA was originally codified at 18 U.S.C.A. §§ 3579–80. As part of the Sentencing Reform Act of 1984, it was redesignated as 18 U.S.C.A. §§ 3663–64.

tution to any victim of an offense committed in violation of Title 18 or other specified sections. In the VWPA Congress provided:

> The court, in determining whether to order restitution under section 3663 of this title and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

18 U.S.C.A. § 3664(a). Thus, the VWPA contemplates that in determining the appropriateness of, and arriving at the amount of, an order of restitution, a district court must "balance the victim's interest in compensation against the financial resources and circumstances of the defendant." *United States v. Bruchey*, 810 F.2d 456, 458 (4th Cir.1987).

■ In order to assure effective appellate review of restitution orders, this circuit requires sentencing courts to make specific, explicit findings of fact on each of the factors set forth in § 3664(a).[2] *Id.* at 458; *see also United States v. Plumley*, 993 F.2d 1140, 1142–43 (4th Cir.1993) (per curiam), *cert. denied,* ___ U.S. ___, 114 S.Ct. 279, 126 L.Ed.2d 230 (1993); *United States v. Piche*, 981 F.2d 706, 718 (4th Cir.1992), *cert. denied,* ___ U.S. ___, 113 S.Ct. 2356, 124 L.Ed.2d 264 (1993); *United States v. Bailey*, 975 F.2d 1028, 1031 (4th Cir.1992). Further, these findings of fact must key a defendant's

financial resources, financial needs, and earning ability to the type and amount of restitution. *Bruchey*, 810 F.2d at 459. Also, the district court "must make a factual determination that the defendant can feasibly comply with the order without undue hardship to himself or his dependents." *Bailey*, 975 F.2d at 1032.

■ Clearly, a district court may satisfy the requirements of *Bruchey* and its progeny by specifically articulating on the record its findings regarding each of these factors. Alternatively, a district court may meet these requirements by adopting a presentence report that recites adequate recommended factual findings.[3] *See United States v. Gresham*, 964 F.2d 1426, 1431 (4th Cir.1992) (in the context of defendant's challenge that the district court failed to consider the statutory factors governing the imposition of fines, adoption of the factual findings in the presentence report satisfied the obligation of the court to consider the factors specified in the statute); *cf. United States v. Morgan*, 942 F.2d 243, 245 (4th Cir.1991) (holding that a district court may satisfy requirement that it make findings with respect to each objection a defendant raises to facts contained in a presentence report either by separately articulating its findings or by "adopt[ing] the recommended findings contained in the presentence report"). This approach will fully satisfy our circuit precedent because it "is adequate to enable this court to determine the resolution and treatment" of these fac-

---

**2.** Our requirement of specific factual findings accords with the rules adopted by other circuits. *See United States v. Owens*, 901 F.2d 1457, 1459–60 (8th Cir.1990); *United States v. Palma*, 760 F.2d 475, 480 (3d Cir.1985). We note, however, that some circuits have rejected adoption of a rule requiring district courts to make explicit factual findings on the record. *See United States v. Cannizzaro*, 871 F.2d 809, 810–11 (9th Cir.), *cert. denied,* 493 U.S. 895, 110 S.Ct. 245, 107 L.Ed.2d 195 (1989); *United States v. Mahoney*, 859 F.2d 47, 49–50 (7th Cir.1988); *United States v. Purther*, 823 F.2d 965, 969 (6th Cir.1987); *United States v. Golomb*, 811 F.2d 787, 791 (2d Cir.1987). A third group of circuits, without requiring explicit findings, does require that the record as a whole reflect that the district court considered the § 3664(a) factors. *See United States v. Savoie*, 985 F.2d 612, 618–19 (1st Cir. 1993); *United States v. Hairston*, 888 F.2d 1349, 1352–53 (11th Cir.1989); *United States v. Patter-*

son, 837 F.2d 182, 183–84 (5th Cir.1988). Although initially requiring specific findings, the Tenth Circuit has since stated that such findings are generally unnecessary. *Compare United States v. Hill*, 798 F.2d 402, 406–07 (10th Cir. 1986) (requiring specific findings) *with United States v. Rogat*, 924 F.2d 983, 986 (10th Cir.) (not requiring specific findings), *cert. denied,* 499 U.S. 982, 111 S.Ct. 1637, 113 L.Ed.2d 732 (1991).

**3.** This conclusion is not contrary to our decisions in *Plumley* or *Piche*. Although both decisions noted that the district court had adopted the factual findings in the presentence report, this court also recognized that the findings were inadequate. *See Plumley*, 993 F.2d at 1143; *Piche*, 981 F.2d at 718. Thus, these cases do not indicate that adoption of a presentence report containing adequate findings would not satisfy the need for particularized findings.

tors by the district court, *Morgan*, 942 F.2d at 245, and hence permits us to conduct an effective review of the order of restitution, *see Bruchey*, 810 F.2d at 458. However, incomplete or unclear recommended findings in a presentence report adopted by the district court are subject to attack just as are deficient separate findings made by the district court on the record.

## II.

 The district court, rather than articulate its separate findings, adopted those recommended in the Molens' presentence reports. Those findings, however, are incomplete and thus do not satisfy the clear mandate of *Bruchey* that explicit factual findings be made. The Molens' presentence reports do not contain recommended findings as to their individual or families' financial needs or what hardship may result if they are required to pay in excess of $209,000 in restitution over a five-year period; nor do the reports offer findings that this amount of restitution is keyed to the Molens' financial situations or that the Molens can feasibly comply with the order. Further, Charles Molen's presentence report makes no recommended finding as to his future earning capability. Consequently, we are compelled to vacate the restitution order and remand to the district court for it to make explicit findings.

We once again advise the district courts that *Bruchey* and its progeny must be met before an order of restitution may be entered. The requirements may be satisfied by separate findings made by the district court or by adoption of adequate recommended findings set forth in a presentence report. But, failure to satisfy the requirements by one of these approaches will result in remand. On prior occasions we have advised the district courts of the necessity to meet these requirements, and we repeat our admonition here.

## III.

The Molens also challenge the factual determinations of the district court related to their entitlement to a three-level reduction for acceptance of responsibility, the amount of loss suffered by the victims, and Charles Molen's status as an "organizer or leader" of a criminal activity involving five or more participants or that was otherwise extensive. We cannot conclude that these findings were clearly erroneous. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir.1989). Also, Charles Molen contends that the district court erred by impermissibly "double counting" the same facts in adjusting his sentence upward under the guidelines for more than minimal planning and for being an organizer or leader. We previously rejected this argument in *United States v. Curtis*, 934 F.2d 553, 556 (4th Cir.1991). Accordingly, we affirm as to each of these issues.

*AFFIRMED IN PART; VACATED IN PART; AND REMANDED.*