52 F.3d 322
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Keith MOSES, Defendant-Appellant.
 No. 94-5267.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 21, 1995.
Decided April 20, 1995.
 
 IN PART, VACATED IN PART AND REMANDED.
 William E. Martin, Federal Public Defender, John Stuart Bruce, Deputy Federal Public Defender, Greensboro, NC, for appellant. Walter C. Holton, Jr., U.S. Atty., Sandra J. Hairston, Sp. Asst. U.S. Atty., Greensboro, NC, for appellee.
 Before WIDENER, MURNAGHAN, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Brian Keith Moses pled guilty to bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1994). He appeals his sentence of 48 months, contending that the district court erroneously found that his unarmed bank robbery was a violent offense precluding a downward departure for diminished capacity under USSG Sec. 5K2.13, p.s.[1] He also maintains that the district court erred in requiring him to make restitution without first making the findings required under United States v. Bruchey, 810 F.2d 456 (4th Cir.1987); the government concedes that the court erred in this respect. We affirm in part, vacate in part, and remand for compliance with Bruchey.
 
 
 2
 Moses robbed a bank by giving the teller two notes. One said good morning. The other instructed the teller: "If anything is said or done, I'll shoot you right in the head. All I want is fifty $100 bills quickly, or I'll shoot. I'm very impatient--just watch my right hand." The teller handed Moses $2100 in $100 bills.
 
 
 3
 After his arrest and guilty plea, Moses requested a downward departure on the grounds of aberrant behavior, USSG Ch. 1, Pt.A, 4(d), p.s., and diminished capacity, USSG Sec. 5K2.13. A departure under the latter section is available to a defendant who commits a non-violent offense while suffering from significantly reduced mental capacity not resulting from drugs or alcohol. In support of his request for a departure for diminished capacity, Moses argued that the bank robbery was a non-violent offense, relying on United States v. Chatman, 986 F.2d 1446, 1453 (D.C.Cir.1993). Chatman held that the sentencing court should make a factual determination as to whether the defendant has committed a non-violent offense under section 5K2.13, rather than using the definition for "crime of violence" provided in guideline section 4B1.2, comment. (n.2). Section 4B1.2 defines robbery as a crime of violence.
 
 
 4
 Moses also submitted a psychiatrist's evaluation which detailed the crises he had recently experienced and diagnosed him as suffering from chronic depression, alcohol abuse, and "personality disorder with paranoid and immature traits," as evidence of his diminished capacity at the time of the offense.
 
 
 5
 After reviewing Chatman and other circuit decisions taking the opposite view, the district court made a factual finding concerning Moses' offense. The court stated:
 
 
 6
 Also I think when a person enters a bank with a note and says, "If anything is said or done, I'll shoot you right in the head," I have a hard time imagining that that does not constitute a crime of violence. I don't think that a crime of violence has to be necessarily that which the defendant or perpetrator does. A crime of violence can also be as perceived by the person against whom the action is taken. I don't see any way, in my position, to determine that this bank robbery was a non-violent crime. That being true, or that being my finding, of course I am forestalled from finding that there is diminished capacity, because that has already been determined.
 
 
 7
 Alternatively, the district court stated that Moses had not presented sufficient evidence to justify a departure. The court then declined to depart either for diminished capacity or aberrant behavior.[2]
 
 
 8
 Since Moses' sentencing, this Court has followed Chatman in United States v. Weddle, 30 F.3d 532, 537-40 (4th Cir.1994), deciding that the definition of crime of violence in section 4B1.2 is not applicable to section 5K2.13, and that the sentencing court should make a fact-specific investigation of the instant offense and a factual determination reviewable (if the court departs) for clear error. Id. at 540.[3]
 
 
 9
 On appeal, Moses argues that the district court erred in determining that his was a violent offense precluding a departure, and that resentencing is necessary in light of Weddle. A defendant may not ordinarily appeal the district court's discretionary decision not to depart. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). However, if the district court bases its decision not to depart on its perception that it lacks legal authority to depart, that decision is a legal one which may be reviewed de novo. United States v. Hall, 977 F.2d 861, 863 (4th Cir.1992).
 
 
 10
 In Hall, the legal issue on appeal was whether the district court correctly decided that sentence disparity was not a permissible ground for departure. Here, the court clearly understood its authority to depart if the instant offense was non-violent and there was evidence of diminished capacity. The legal issue raised is whether the district court correctly determined that the bank robbery was a violent offense by making a factual inquiry or whether it erred by using the definition of crime of violence set out in section 4B1.2.
 
 
 11
 Moses contends that the court erroneously believed it was bound by the definition of crime of violence in section 4B1.2, and that it could not make an independent factual determination. However, even though the district court did not have the benefit of this Court's decision in Weddle, it was acquainted with the split in authority between Chatman and other circuit decisions, and it did make the required factual determination as to whether the bank robbery was a violent offense, rather than simply relying on section 4B1.2. Therefore, the court did not make its ruling on the basis of a mistaken belief that its authority to depart was more limited than in fact it was.
 
 
 12
 The court's factual determination that the bank robbery was a violent offense was part of its discretionary decision as to whether a departure was appropriate, and is not reviewable under Hall. Having found that the bank robbery was a violent offense, the district court necessarily decided that a departure was not possible because section 5K2.13 authorizes a departure only when the instant offense is a nonviolent offense.
 
 
 13
 Moses' sentence included a requirement that he make restitution of $2100; however, the district court made no findings concerning his financial resources or ability to pay before imposing sentence. Before ordering the defendant to make restitution under 18 U.S.C.A. Sec. 3664(a) (West Supp.1994), the district court must consider and make findings on (1) the amount of the victim's loss, (2) the defendant's financial resources, (3) the defendant's financial needs and the needs of his dependents, and (4) any other relevant factors. See United States v. Molen, 9 F.3d 1084, 1086 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3722 (U.S.1994); United States v. Bruchey, 810 F.2d 456, 458 (4th Cir.1987).
 
 
 14
 Adoption of a presentence report which sets out adequate recommended factual findings may satisfy the requirement first set out in Bruchey. Molen, 9 F.3d at 1086. However, the presentence report in this case made no recommended findings concerning restitution, but stated that Moses had no assets and owed $4600. The probation officer recommended that Moses would not be able to pay a fine. In these circumstances, resentencing is necessary.
 
 
 15
 The sentence is therefore affirmed with the exception of the order to make restitution. That portion of the sentence is vacated and the case is remanded for compliance with Bruchey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 16
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 Moses does not contest the court's refusal to depart for aberrant behavior, USSG Ch. 1, Pt. A, 4(d), p.s
 
 
 [3]
 In contrast, the question of whether an offense is a crime of violence for career offender purposes is a legal issue. United States v. Wilson, 951 F.2d 586, 588 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3799 (U.S.1992)