**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 95-5356

SOPHIA PERCH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-94-466-JFM)

Submitted: December 19, 1995

Decided: January 8, 1996

Before ERVIN, Chief Judge, HAMILTON, Circuit Judge,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Ira L. Oring, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After pleading guilty to bank embezzlement under 18 U.S.C.A. § 656 (West Supp. 1995), Sophia Perch appeals her sentence of restitution. She claims that the district court failed to make necessary factual findings before ordering restitution and impermissibly delegated judicial duties to a probation officer. Finding no reversible error, we affirm.

Perch pled guilty to a one-count information charging her with bank embezzlement under 18 U.S.C.A. § 656. The presentence report estimated the loss at approximately $97,000, and detailed her financial resources, her and her dependents' needs, and other relevant factors. See United States v. Molen, 9 F.3d 1084, 1086 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3722 (U.S. May 2, 1994) (No. 93-7805). The court set restitution at $30,000 pursuant to the Victim and Witness Protection Act, 18 U.S.C.A. §§ 3663, 3664 (West 1985 & Supp. 1995), and ordered Perch to pay that amount "at the rate to be determined by the Probation Officer."

Perch failed to raise the issues presented here during the proceedings below, where they should have been presented in the first instance.* Thus, her appeal is subject to the plain error standard of review. United States v. Olano, ___ U.S. ___, 61 U.S.L.W. 4421 (U.S. Apr. 26, 1993) (No. 91-1306); see also Fed. R. Crim. P. 52(b). To constitute plain error, the claim (1) must be an error, (2) clear under current law, (3) affecting substantial rights, and (4) seriously affecting the fairness, integrity, or public reputation of judicial proceedings. Olano, 61 U.S.L.W. at 4421.

_____

*We note that Perch's attorney failed to raise objections below despite having notice of the issues. The day before Perch's sentencing, her attorney filed a brief in this court in another case raising the same issues.

2

The district court did not err by imposing restitution because it adopted a presentence report that included the necessary factual findings. See Molen, 9 F.3d at 1086. Additionally, the court did not commit plain error by delegating its duties to a probation officer. While a district court may not delegate to a probation officer the final authority to determine the amount and timing of installment payments, United States v. Johnson, 48 F.3d 806, 808-09 (4th Cir. 1995), the court's error is not cause for reversal because it does not implicate every element of the plain error test. See Olano , 61 U.S.L.W. at 4424. Perch has not established that her substantial rights are prejudiced by the error--the only matters left to the probation officer's discretion are the amount and timing of the installments, not the amount of restitution. Further, we cannot say that the fairness and integrity of the proceedings are implicated by the court's error. See United States v. Castner, 50 F.3d 1267, 1277-78 (4th Cir. 1995).

Accordingly, we affirm Perch's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3