**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 94-5669

PATRICIA DAWN GLOSSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 94-5948

JONATHAN IDEMA,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 95-5235

JONATHAN IDEMA,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 95-5398

JONATHAN IDEMA,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5399

JONATHAN IDEMA,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5400

JONATHAN IDEMA,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5401

JONATHAN IDEMA,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5402

JONATHAN IDEMA,
Defendant-Appellant.

2

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5403

JONATHAN IDEMA,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Terrence W. Boyle, District Judge.
(CR-93-2-BO)

Argued: March 7, 1996

Decided: April 15, 1996

Before RUSSELL and WILKINS, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded with instructions by
unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Laura Lynne Wagner, WAGNER & WAGNER, Rich-
mond, Virginia, for Appellant Idema; Aaron Peter Buda, Cincinnati,
Ohio, for Appellant Glosson. John Samuel Bowler, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:**
Janice McKenzie Cole, United States Attorney, Raleigh, North Caro-
lina, for Appellee.

_____

3

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patricia Dawn Glosson and Jonathan Keith Idema appeal their convictions and sentences resulting from a scheme to obtain merchandise from vendors by falsely representing their intent and ability to pay. See 18 U.S.C.A. § 2 (West 1969); 18 U.S.C.A. § 371 (West Supp. 1996); 18 U.S.C.A. § 1343 (West Supp. 1996). Although Appellants raise numerous issues, we conclude that none have merit except for Idema's claim that the district court failed to make adequate factual findings to support the order of restitution imposed as part of his sentence. Accordingly, we affirm Appellants' convictions and sentences except for the restitution order, which we vacate and remand with instructions.

I.

As part of a plan to acquire materials for Idema Combat Systems, Inc., Idema organized a sham corporation known as United Manufacturing Company. With the assistance of Glosson, he ordered materials from suppliers by facsimile and supported the requests with fraudulent financial information. Idema was convicted of conspiracy to commit wire fraud and 58 counts of wire fraud. See 18 U.S.C.A. §§ 371, 1343. Glosson was convicted of 58 counts of aiding and abetting wire fraud. See 18 U.S.C.A. §§ 2, 1343. The district court sentenced Idema to 48 months imprisonment and ordered him to pay restitution in the amount of $254,485.88, representing losses suffered by victims of the wire fraud. Glosson was sentenced to 15 months imprisonment.

II.

We conclude that the various allegations of error raised by Appellants in challenging their convictions are without merit. Questions asked by the Government during its examination of witnesses and

4

comments made as part of its closing argument did not deprive Appellants of their right to a fair trial. See United States v. Adam, 70 F.3d 776, 780-81 (4th Cir. 1995). In addition, the district court did not abuse its discretion in denying a motion for a new trial, because the evidence that Appellants claimed was newly discovered could have been obtained prior to trial. See United States v. Bales, 813 F.2d 1289, 1295 (4th Cir. 1987). Viewed in the light most favorable to the Government, the evidence was sufficient to support Glosson's conviction of 58 counts of aiding and abetting wire fraud. See Glasser v. United States, 315 U.S. 60, 80 (1942). And, contrary to Idema's argument, the decision of the district court to admit Glosson's redacted confession subject to a limiting instruction was not an abuse of discretion. See Richardson v. Marsh, 481 U.S. 200, 211 (1987).

III.

We also reject Appellants' challenges to their sentences. The entire amount of loss suffered by victims of her offense was properly attributed to Glosson. See United States Sentencing Commission, Guidelines Manual, § 2F1.1, comment. (n.7) (Nov. 1994). Further, the district court did not abuse its discretion in denying Idema's motion for the production of witnesses at the sentencing hearing. See Fed. R. Crim. P. 32(c). It was not improper to enhance Idema's offense level both for a leadership role in the offense, see U.S.S.G. § 3B1.1(a), and for more than minimal planning, see U.S.S.G. § 2F1.1(b)(2), because neither section prohibits double counting. See United States v. Curtis, 934 F.2d 553, 556 (4th Cir. 1991). The district judge did not err in denying Idema's motion to recuse himself. See Liteky v. United States, 114 S. Ct. 1147, 1157-58 (1994). And, it was not an abuse of discretion to deny Idema's motion for services other than counsel at sentencing without conducting an ex parte hearing. See 18 U.S.C.A. § 3006A(e)(1) (West Supp. 1996); Lawson v. Dixon, 3 F.3d 743, 752-53 (4th Cir. 1993), cert. denied, 114 S. Ct. 1208 (1994).

One issue raised by Idema, however, has merit; specifically, the district court erred in failing to make appropriate findings in support of the order of restitution. See United States v. Molen, 9 F.3d 1084, 1086 (4th Cir. 1993), cert. denied, 114 S. Ct. 1649 (1994). We have held on numerous occasions that sentencing courts must make explicit

5

findings of fact regarding each of the factors contained in 18 U.S.C.A. § 3664(a) (West Supp. 1996), connecting the amount and type of restitution ordered to the financial resources, financial needs, and earning ability of the defendant. See, e.g., id. In addition, a determination that compliance with the order of restitution will not cause undue hardship to the defendant or his dependents must be made. Id. A district court may satisfy this requirement by announcing its findings on the record or adopting adequate proposed findings contained within a presentence report. Id.

We are compelled to remand for the district court to make appropriate findings regarding the order of restitution. The court below neither articulated on the record specific findings with regard to the factors under 18 U.S.C.A. § 3664, nor adopted a presentence report containing adequate findings as to these factors. As an assistance on remand, we note that the district court properly may consider the fact that Idema failed to provide information to the probation officer concerning his financial condition as evidence that he possesses sufficient resources to pay restitution. Cf. United States v. Castner, 50 F.3d 1267, 1277 n.9 (4th Cir. 1995) (noting that defendant bears the burden of proof in establishing the inability to pay restitution). Further, the district court may not delegate its judicial function of determining the amount and timing of restitution payments. See United States v. Johnson, 48 F.3d 806, 809 (4th Cir. 1995).

IV.

For the reasons set forth above, we affirm Glosson's convictions and sentence. Further, we affirm Idema's convictions. Except for the order of restitution, we also affirm his sentence; however, we vacate the order of restitution and remand for the district court to make appropriate findings.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED WITH INSTRUCTIONS