**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5768

CONTONIOUS DEVON GILL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert R. Merhige, Jr., Senior District Judge,
sitting by designation.
(CR-94-110-V)

Submitted: September 30, 1996

Decided: October 16, 1996

Before HALL, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Michael S. Scofield, Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Brian L. Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to Contonious Gill's plea of guilty to violating 18 U.S.C.A. § 371 (West Supp. 1996), the district court entered a judgment order sentencing him to twenty-four months imprisonment followed by two years of supervised release, and ordering him to pay $17,216.80 in restitution. On appeal, Gill challenges the restitution order on the ground that the district court failed to make the findings required by 18 U.S.C.A. § 3664(a) (West Supp. 1996). Because Gill failed to object to the restitution order at sentencing, we review the order for plain error. Fed. R. Crim. P. 52(b); United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995); see United States v. Olano, 507 U.S. 725, 734 (1993). To correct plain error the appellate court must find (1) an error, (2) which is plain and obvious under existing law, (3) which is so prejudicial as to affect the outcome of the proceedings, and (4) which seriously affects the fairness, integrity, or public reputation of the proceedings. United States v. Hanno, 21 F.3d 42, 45 (4th Cir. 1994).

Under 18 U.S.C.A. § 3664(a) (West Supp. 1996), before ordering restitution a district court must consider the financial resources of the defendant and the financial needs and earning ability of the defendant and his dependents. The district court must make explicit findings as to these factors, keyed to the specific type and amount of restitution. United States v. Plumley, 993 F.2d 1140, 1143 (4th Cir.), cert. denied, 510 U.S. 903 (1993); United States v. Bruchey , 810 F.2d 456, 458 (4th Cir. 1987). The district court in this case made no such findings.

A district court can satisfy the statutory requirements by adopting a presentence report (PSR) that recites adequate factual findings, United States v. Molen, 9 F.3d 1084, 1086 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3722 (U.S. May 2, 1994) (No. 93-7805), or contains sufficient facts to support the imposition of the

2

amount of restitution. Castner, 50 F.3d at 1278. The PSR makes no recommendation as to Gill's ability to pay restitution or the effect of such a payment on his family. According to the PSR, Gill's family, including his wife and dependent children, have outstanding unsecured debt of over $11,000. Their monthly income is $944, including Gill's unemployment benefits and his wife's salary. Their monthly outlay is $1321. Gill has experience and training in data processing. His past hourly wage has averaged $7 per hour.

While present indigence does not preclude a court from ordering restitution where it concludes that a defendant's financial status will improve to a point where he will be able to pay restitution in the future, see United States v. Bailey, 975 F.2d 1028, 1032 (4th Cir. 1992), no such finding was made here. Neither the district court's statements nor the PSR keyed Gill's financial resources, financial needs, and earning ability to the amount of restitution ordered. Plumley, 993 F.2d at 1143. The court made no finding that Gill could "feasibly comply with the order without undue hardship to himself or his dependents." Bailey, 975 F.2d at 1032.

We conclude that the district court's failure to comply with § 3664(a) constitutes plain error. While we affirm Gill's conviction and sentence of imprisonment and supervised release, we remand the action to allow the district court to make the requisite factual findings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

3