**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4341

ALEX CRAWFORD GARRETT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-95-966)

Submitted: December 10, 1996

Decided: December 24, 1996

Before HALL, MURNAGHAN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michelle S. Nelson, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alex Crawford Garrett appeals his sentence after pleading guilty to mail fraud in violation of 18 U.S.C.A. § 1341 (West 1996). The district court sentenced Garrett to serve four months incarceration to be followed by three years of supervised release and to pay a special assessment fee of $50. As a special condition of supervised release, Garrett was ordered to pay a fine of $2000 and make restitution in the amount of $21,241. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in her view, there are no meritorious issues for appeal. Garrett was informed of his right to file a pro se supplemental brief, but he has failed to do so. We affirm.

Garrett first contends that the total loss amount attributable to him for sentencing purposes was less than $40,000, and so the district court should have added four, rather than five levels to his base offense level under USSG § 2F1.1(a),* to arrive at a final guidelines range of six to twelve months. We have carefully reviewed the entire record and conclude that the district court's finding that the total loss amount was in excess of $40,000 was not clearly erroneous. United States v. Dozie, 27 F.3d 95, 99 (4th Cir. 1994).

Garrett also maintains that the district court erred in ordering him to pay $775 per month toward his fine and restitution because it failed to consider that he would lose his job when incarcerated and thus his ability to pay. Our review of the record shows that the district court carefully weighed all appropriate factors when determining Garrett's restitution repayment schedule. See 18 U.S.C.A. § 3664(a) (West 1996); United States v. Molen, 9 F.3d 1084, 1086 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3722 (U.S. May 2, 1994) (No. 93-7805). We therefore find the district court did not abuse its discretion in ordering Garrett to make $775 per month payments toward his fine and restitution.

_____
*United States Sentencing Commission, Guidelines Manual, (Nov. 1995).

In accordance with <u>Anders</u>, we have reviewed the entire record and find no meritorious issues for appeal. We therefore affirm Garrett's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>