**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-4590

JOHN HENRY MOORE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-95-684)

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-4591

JOHN HENRY MOORE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Matthew J. Perry, Jr., Senior District Judge.
(CR-96-494, CR-96-495,
CR-96-496, CR-96-497)

Submitted: March 11, 1997

Decided: March 28, 1997

Before HALL and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Henry Moore appeals his sentence on a guilty plea for bank robbery (No. 96-4590), and the district court's revocation of his supervised release imposed as a result of prior convictions (No. 96-4591).

Moore first challenges his bank robbery sentence, claiming that the district court erred in ordering restitution when it failed to advise Moore at his Fed. R. Crim. P. 11 hearing that restitution could be ordered as a consequence of his guilty plea. The district court advised Moore three times of the possibility that a fine of $250,000 could be imposed upon him. Because this potential fine far exceeded the amount of restitution actually ordered by the district court, we find that the order of restitution was neither a surprise nor unfairly prejudicial to Moore. See United States v. Fentress, 792 F.2d 461, 465-66 (4th Cir. 1986). Thus, the district court's error in failing to advise Moore of the possibility of restitution during the Rule 11 proceeding was harmless.

Moore also claims on appeal that the district court abused its discretion in failing to make particularized findings regarding Moore's

2

ability to pay restitution prior to ordering its payment. This Court ordinarily reviews restitution orders under an abuse of discretion standard, United States v. Piche, 981 F.2d 706, 718 (4th Cir. 1992), but because Moore failed to object at sentencing to imposition of the restitution order, he has waived appellate review absent plain error. Fed. R. Crim. P. 52(b); United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995).

Under 18 U.S.C.A. § 3664(a) (West Supp. 1996), before ordering restitution, a district court must consider the financial resources of the defendant, and the financial needs and earning ability of the defendant and his dependant. The sentencing court must make explicit findings as to the statutory factors keyed to the specific type and amount of restitution. See United States v. Molen, 9 F.3d 1084, 1086 (4th Cir. 1993); United States v. Bruchey, 810 F.2d 456, 458 (4th Cir. 1987). However, we have also held that where a fine imposed was relatively minor, the district court did not abuse its discretion in failing to make specific findings as to the defendant's ability to pay because courts are presumed to be familiar with how much prisoners can make in prison. United States v. Taylor, 984 F.2d 618, 622 (4th Cir. 1993).

Here, the restitution ordered was $2153, and properly may be considered to be relatively minor. Also, the district court in this case apparently was fully aware of Moore's financial condition, finding that Moore was destitute after reviewing the financial information contained in Moore's presentence investigation report. Moreover, the record reflects that Moore agreed to participate in the prison work program, and the district court knew of this agreement. Accordingly, it appears that the district court based its restitution order on the fact that Moore would be earning enough money working in prison during his eighty-two month incarceration to pay the amount of restitution ordered. Accordingly, we find that the restitution order in this case was not plainly erroneous, despite the fact that the district court failed to comply fully with 18 U.S.C.A. § 3664(a).

Finally, while Moore also noted an appeal to the district court's revocation of his supervised release, he failed to raise any specific related claim in his brief on appeal (No. 96-4591). Accordingly, we affirm this order as well.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4