**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

TOINETTA MONDS NELSON, a/k/a
Toinetta M. Nelson,
Defendant-Appellant.

No. 95-5555

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-95-19-AW)

Argued: April 11, 1997

Decided: June 4, 1997

Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael T. CitaraManis, Assistant Federal Public
Defender, Greenbelt, Maryland, for Appellant. Larry David Adams,
Assistant United States Attorney, Greenbelt, Maryland, for Appellee.
**ON BRIEF:** James K. Bredar, Federal Public Defender, Greenbelt,
Maryland, for Appellant. Lynne A. Battaglia, United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Toinetta Nelson (Nelson) pled guilty to theft of government prop- erty. See 18 U.S.C. § 641. She now appeals the portion of the district court's judgment that orders her to pay $19,607.69 in restitution in such installments as directed by the United States Probation Office. For the following reasons, we affirm.

I.

On March 31, 1995, Nelson pled guilty to one count of theft of government property. See id. Specifically, Nelson pled guilty to steal- ing imprest funds from the Office of Oceanic and Atmospheric Research, National Oceanic and Atmospheric Administration, United States Department of Commerce, where she was employed.

The presentence investigation report (PSR) prepared in anticipation of Nelson's sentencing calculated the government's loss from the theft at $19,607.69. The district court adopted both the recommended factual findings and the application of the provisions of the United States Sentencing Guidelines to Nelson's case as set forth in the PSR. Accordingly, the district court sentenced Nelson to five years proba- tion on the specific conditions that: (1) she serve four months of home confinement with an electronic monitoring device; and (2) she pay $19,607.69 in restitution. Without objection from Nelson, the district court ordered Nelson to pay the restitution in "installments as directed by the U.S. Probation Office . . . ." (J.A. 37). Asserting her inability to pay the amount of restitution ordered, Nelson subsequently requested reconsideration of the restitution order, which the district court denied. Nelson noted a timely appeal.

II.

On appeal, Nelson contends the district court's order of restitution is not supported by adequate factual findings regarding her ability to pay and the financial needs of her dependents. We disagree.

2

Title 18, United States Code § 3663, authorizes district courts to order defendants to pay restitution to any victim of an offense committed in violation of Title 18 or other specified sections. In determining whether to order restitution under § 3663 and the amount of such restitution, a district court must "consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a). "In order to assure effective appellate review of restitution orders, this circuit requires sentencing courts to make specific, explicit findings of fact on each of the factors set forth in § 3664(a)." United States v. Molen, 9 F.3d 1084, 1086 (4th Cir. 1993) (collecting cases). These findings must key a defendant's financial resources, financial needs, and earning ability to the type and amount of restitution. See id. In addition, the district court must make a factual determination regarding whether the defendant can feasibly comply with the order without undue hardship to himself or his dependants. See id. In satisfying these requirements, a district court may: (1) specifically articulate its findings regarding each factor on the record; or (2) adopt a PSR that adequately recites recommended factual findings. See id.

Here, the district court articulated some separate findings and adopted those recommended in Nelson's PSR. After reviewing the relevant factual findings separately made by the district court and the relevant factual findings recited in the PSR that were adopted by the district court, we conclude that while they are not a model of clarity, they are nonetheless adequate to meet the requirements just outlined. Accordingly, we decline Nelson's request that we vacate and remand the district court's order of restitution.

III.

Nelson also contends the district court erred by delegating to the United States Probation Office the responsibility to determine the amount and timing of her restitutionary installment payments. See United States v. Johnson, 48 F.3d 806, 809 (4th Cir. 1995) (holding that sentencing courts may not delegate decisions about the amount and timing of restitutionary installment payments). Because Nelson failed to object to this alleged error, we only review for plain error.

3

See United States v. Olano, 113 S. Ct. 1770, 1776 (1993); see also Fed. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

Under the plain error analysis clarified by the Supreme Court in Olano, an appellate court has the discretion to correct a forfeited error under Federal Rule of Criminal Procedure 52(b), where: (1) there is an error; (2) the error is plain; (3) the error affects substantial rights; and (4) the court determines, after examining the particulars of each case, that the error seriously affects the fairness, integrity or public reputation of judicial proceedings. See Olano , 113 S. Ct. at 1776.

Applying this analysis here, we conclude the district court's delegation of the responsibility to determine the timing and amount of Nelson's restitutionary installment payments to the United States Probation Office does not constitute plain error under Federal Rule of Criminal Procedure 52(b). We do not hesitate to conclude that the district court erred by delegating the responsibility of determining the timing and amount of Nelson's restitutionary installment payments to the United States Probation Office. See Johnson , 48 F.3d at 809 ("[M]aking decisions about the amount of restitution, the amount of installments, and their timing is a judicial function and therefore is non-delegable."). Nor do we hesitate to conclude that the error is plain in the sense that our circuit precedent clearly prohibits the district court's delegation. See id.; see also Olano, 113 S. Ct. at 1777 (defining "plain" as synonymous with clear or, equivalently, obvious).

We do, however, conclude that the error did not affect Nelson's substantial rights. See Olano, 113 S. Ct. at 1776. In most cases, affecting a defendant's substantial rights is synonymous with prejudice to the defendant. See id. at 1778. Furthermore, when reviewing for plain error under Federal Rule of Criminal Procedure 52(b), "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." See id.  Nelson has not shown that she was prejudiced by the district court delegating to the United States Probation Office the responsibility to determine the amount and timing of her restitutionary installment payments. The timing and amount of Nelson's restitutionary installment payments are minor determinations in the entire scheme of Nelson's conviction and sen-

4

tence. Indeed, the district court did not delegate responsibility for making the far more important determination of the total amount of restitution owed by Nelson. Furthermore, if the amount and timing of restitutionary installment payments set by the United States Probation Office are not agreeable to Nelson, she can petition the district court for modification. See 18 U.S.C. § 3563(c); Fed. R. Crim. P. 32.1(b). Because the error does not affect Nelson's substantial rights, the error cannot constitute plain error under Federal Rule of Criminal Procedure 52(b).*

IV.

For the foregoing reasons, the district court's judgment is affirmed.

AFFIRMED

_____

*Because the error does not affect Nelson's substantial rights, we need not consider whether the error seriously affects the fairness, integrity or public reputation of judicial proceedings. See Olano, 113 S. Ct. at 1776.