**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 96-4866

TREVOR PLACIDO BENJAMIN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Deborah K. Chasanow, District Judge.
(CR-96-217-DKC)

Submitted: June 24, 1997

Decided: July 14, 1997

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Steven F. Reich, Assistant
Federal Public Defender, Lauren E. Case, Assistant Federal Public
Defender, Greenbelt, Maryland, for Appellant. Lynne A. Battaglia,
United States Attorney, Jan Paul Miller, Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Trevor P. Benjamin was sentenced to 248 months' imprisonment pursuant to a plea agreement and ordered to pay restitution totaling $90,000 following his pleas to six counts of bank robbery in violation of 18 U.S.C. § 2113(a), (d) (1994) and one count of using a firearm in violation of 18 U.S.C. § 924(c) (1994). The court waived imposition of any fine. Neither the plea agreement nor the Government made any recommendation as to restitution. Benjamin appeals his sentence, asserting solely that the district court erred in failing to make specific factual findings to support its restitution order. Because the court failed to make adequate factual findings to support its restitution order, we vacate only the restitution portion of the court's order and remand that portion of the order to the district court for that court to make the appropriate findings and to impose restitution accordingly. Additionally, we offer some guidelines on fashioning appropriate orders under the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. § 3664(f)(2) (West Supp. 1997).

This Court reviews restitution orders under the VWPA for abuse of discretion. See United States v. Blake, 81 F.3d 498, 505 (4th Cir. 1996). Sentencing courts must make explicit findings of fact on each of the factors enumerated in the VWPA. See United States v. Molen, 9 F.3d 1084, 1086 (4th Cir. 1993); United States v. Bruchey, 810 F.2d 456, 458 (4th Cir. 1987) (interpreting predecessor to § 3664). The court's findings must connect the amount and type of restitution ordered to the financial resources, financial needs, and earning ability of the defendant. See Molen, 9 F.3d at 1086; Bruchey, 810 F.2d at 458. Further, a determination that compliance with the order of restitution will not cause undue hardship to the defendant or his dependents must be made. See Molen, 9 F.3d at 1086; Bruchey, 810 F.2d at 459. A district court may satisfy this requirement by announcing its findings on the record or adopting adequate proposed findings con-

2

tained within a presentence report. See Molen , 9 F.3d at 1086; United States v. Bailey, 975 F.2d 1028, 1032 (4th Cir. 1992).

Because we find that the district court's restitution order in this case did not comply with the VWPA, we conclude that the court's entry of the restitution portion of the order was an abuse of discretion. See 18 U.S.C. § 3664(f)(2) (West Supp. 1997). The district court fixed the amount of restitution and took into account the victims' losses. The court, however, failed to make explicit findings regarding Benjamin's financial resources and his future earning ability. See Molen, 9 F.3d at 1086; Bruchey, 810 F.2d at 458. Further, we find that the court's statements that Benjamin would have the opportunity to earn money in prison and that he was an educated man are not sufficient to comply with the VWPA. See United States v. Mitchell, 893 F.2d 935, 936 n.1 (8th Cir. 1990) (holding that district court's reliance on fact that defendant had high school education insufficient to justify restitution order). Thus, because the court below neither articulated on the record specific factual findings with regard to the factors enumerated in § 3664(f)(2), and because the presentence report did not contain adequate findings as to the enumerated factors, we vacate the restitution order and remand to the district court for that court to make appropriate findings regarding the order of restitution. See Molen, 9 F.3d at 1086.

As an assistance on remand, we note the presentence report contained no findings or recommendations about Benjamin's future earning ability and therefore cannot be adopted to support a restitution award. See United States v. Plumley, 993 F.2d 1040, 1143 (4th Cir. 1992). Also, we point out that the defendant bears the burden of establishing his inability to pay restitution. See 18 U.S.C.A. § 3664(e); see also United States v. Castner, 50 F.3d 1267, 1277 n.9 (4th Cir. 1995) (stating that defendant must show inability to pay restitution by preponderance of evidence). Further, we note that restitution is only appropriate in an amount that the defendant can realistically be expected to pay. See Bailey, 975 F.2d at 1032.

For these reasons, we vacate the restitution portion of the court's order and remand that aspect of the order to the district court to make the appropriate findings and to assess restitution accordingly. We decline to comment on the amount of any restitution ordered. We dis-

3

pense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4