UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

PETER LLOYD COLEY, a/k/a Fred

Coley, a/k/a Fred, a/k/a Fredyo,
a/k/a Kenny Randell, a/k/a
Mipindazi Maku Ujimi, a/k/a Will
Johnson,
Defendant-Appellant.

No. 96-4901

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-96-30013)

Submitted: April 30, 1998

Decided: June 29, 1998

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Richard L. Derrico, COPENHAVER, ELLETT & CORNELISON,
Roanoke, Virginia, for Appellant. Robert P. Crouch. Jr., United States
Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roa-
noke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Peter Coley pled guilty, pursuant to a plea agreement, to conspiracy to manufacture and distribute phencyclidine (PCP) and illegally disposing of hazardous waste. See 21 U.S.C.A.§ 846 (West Supp. 1998); 42 U.S.C. § 6928(d)(2)(A) (1994). The district court sentenced Coley to 500 months imprisonment for the PCP conviction and sixty months, to run concurrently, for the hazardous waste conviction, and imposed a $10,000 fine.

On appeal, Coley's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the sentencing court erred by imposing his prison sentence and whether the court committed plain error by ordering Coley to pay his fine without making the requisite factual findings under 18 U.S.C.A. § 3572 (West 1985 & Supp. 1998). For the reasons that follow, we affirm in part, vacate in part, and remand.

We do not have jurisdiction to consider the first issue as it is uncontroverted that the district court sentenced Coley within a properly calculated Guidelines range.[1] See 18 U.S.C.A. § 3742 (West Supp. 1998); United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994).

Regarding the fine imposed, the district court at the sentencing hearing adopted the findings of the presentence report (PSR), which detailed Coley's financial situation. The PSR calculated Coley's net worth at $38,000 by subtracting Coley's unsecured debts of $130,000 from his total assets of $168,000 ($155,000 for his home and $13,000 worth of automobiles). Because he had no monthly income, his

_____

[1] **U.S. Sentencing Guidelines Manual** (1995) ("USSG" or "Guidelines").

2

monthly cash flow was found to be negative $2555, calculated by adding up his monthly expenses for property mortgage/rent - $1500, food - $400, telephone - $65, and insurance- $75. Further, the PSR stated that Coley supported his wife and eight children, and noted that "[a]lthough Mr. Coley has a positive net worth[,] it appears his family obligations limit his ability to pay a fine within the guideline range."[2] It also indicated that he had not been legitimately employed since 1990. Then without determining the burden that any fine would impose upon Coley's nine dependents, the district court downwardly departed from the $25,000 minimum fine, see USSG § 5E1.2(c)(4), and imposed a $10,000 fine payable immediately.

In determining the imposition and amount of a fine under § 3572(a) a district court must consider, among other things, the income, financial resources, and earning capacity of the defendant, as well as, "the burden that a fine will impose upon . . . any person who is financially dependent on the defendant . . . ." 18 U.S.C.A.§ 3572(a)(2). See also United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). Because Coley failed to object during sentencing to the calculation of the fine, he has waived appellate review absent plain error. See Fed. R. Crim. P. 52(b); Castner, 50 F.3d at 1277-78. A district court may satisfy these requirements if it adopts a defendant's PSR that contains adequate factual findings to allow effective appellate review of the fine or restitution. See Castner, 50 F.3d at 1277. Nonetheless, a sentencing court is required to make "recommended findings as to . . . [an] individual or families' financial needs or what hardship may result if they are required to pay" restitution or a fine. United States v. Molen, 9 F.3d 1084, 1087 (4th Cir. 1993).[3]

We find Coley's argument persuasive. He notes that the bulk of his net worth is contained in the house in which his wife and children live. Further, due to his monthly negative cash flow, any excess funds available for the fine currently would be depleted. Finally, given the fact that it is uncontroverted that Coley supported nine dependents, we find the district court needed explicitly to determine the burden

_____

**2** Joint Appendix ("J.A.") at 168.
**3** **See United States v. Harvey**, 885 F.2d 181, 182-83 (4th Cir. 1989) (extending the rule requiring specific factual findings in restitution cases to fines under § 3572).

3

the fine, even though a downward departure, would have on these dependents, <u>see</u> 18 U.S.C. § 3572(a)(2); <u>Molen</u>, 9 F.3d at 1087, and that the court's failure to do so is plain error. <u>See Castner</u>, 50 F.3d at 1277-78. Thus, we vacate and remand with instructions for the sentencing court to determine the burden any fine imposed would have on Coley's dependents, consistent with this opinion.

In accordance with the requirements of <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal.**4** We therefore affirm in part and vacate and remand in part the judgment order of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

_____

**4** We find no merit to the issues raised by Coley in his informal brief and supplements.

4