**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4230

THOMAS H. LIGON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
 Jerome B. Friedman, District Judge.
(CR-97-131)

Submitted: October 9, 1998

Decided: December 15, 1998

Before ERVIN, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed in part, dismissed in part, vacated in part, and remanded by
unpublished per curiam opinion.

_____

**COUNSEL**

Paul Arthur Driscoll, PENDER & COWARD, P.C., Virginia Beach,
Virginia, for Appellant. Arenda L. Wright Allen, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas H. Ligon pled guilty to embezzlement of union funds in violation of 29 U.S.C. § 501(c) (1994). The court sentenced Ligon to ten months imprisonment to be followed by three years of supervised release and ordered him to pay restitution in the amount of $16,000. Ligon's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal. Ligon was notified of his right to file pro se a supplemental brief, but he has not done so. We affirm in part, dismiss in part, and vacate and remand in part.

Ligon's counsel does not challenge the calculation of Ligon's prison sentence. Rather, counsel questions whether this court has jurisdiction over the appeal where Ligon is appealing a sentence within the properly calculated guideline range and where the district court discussed the repetitive nature of Ligon's conduct during the sentencing hearing. The district court properly considered the "nature and circumstances of the offense," see 18 U.S.C.A. § 3553(a) (West Supp. 1998), when fashioning Ligon's sentence, and the court may fix the sentence at any point it finds appropriate within the guideline range. See United States v. Roberts, 881 F.2d 95, 106-07 (4th Cir. 1989). Ligon's challenge to the court's imposition of a sentence within the properly calculated guideline range does not state an appealable question under 18 U.S.C.A. § 3742 (West 1985 & Supp. 1998). See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

Although not raised by counsel, we address the sufficiency of the district court's findings with regard to its restitution order. Ligon did not object to the adequacy of the district court's findings or the presentence report's recommendations at sentencing. Our review of the restitution order therefore is limited to review only for plain error. See Fed. R. Crim. P. 52(b); United States v. Perkins , 108 F.3d 512, 516 (4th Cir. 1997).

Before a district court orders restitution, it must consider the defendant's economic circumstances, including his financial resources, needs and earning ability, and that of his dependents. See 18 U.S.C.A.

2

§§ 3663, 3664 (West Supp. 1998); United States v. Plumley, 993 F.2d 1140, 1142-43 (4th Cir. 1993). "The district court must make explicit findings as to those factors enumerated in 18 U.S.C.§ 3664(a) and such findings should be keyed to the specific type and amount of restitution ordered." Plumley, 993 F.2d at 1143 (citing United States v. Bruchey, 810 F.2d 456, 459 (4th Cir. 1987)). We have held that a sentencing court satisfies its duty to make specific findings if it adopts a presentence report "that contains adequate factual findings to allow effective appellate review of the fine or restitution." United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995); see United States v. Molen, 9 F.3d 1084, 1086-87 (4th Cir. 1993).

Here, the presentence report's recommended findings were not "keyed to the specific type and amount of restitution ordered." Bruchey, 810 F.2d at 459. In Molen, this court found the contents of the presentence reports in that case insufficient to relieve the district court of its duty to make specific findings regarding a defendant's ability to pay restitution. The court explained that the presentence reports at issue:

> do not contain recommended findings as to their individual or families' financial needs or what hardship may result if they are required to pay in excess of $209,000 in restitution over a five-year period; nor do the reports offer findings that this amount of restitution is keyed to the Molens' financial situations or that the Molens can feasibly comply with the order. Further, Charles Molen's presentence report makes no recommended finding as to his future earning capability. Consequently, we are compelled to vacate the restitution order and remand to the district court for it to make explicit findings.

Molen, 9 F.3d at 1087. The presentence report in this case has the same deficiencies as the reports in Molen. Moreover, Ligon's report failed to address the restitution order's effect on Ligon's existing obligation to make a monthly payment to satisfy a bankruptcy judgment or on Ligon's ability to pay one victim $2500 in restitution in one payment after completing the installment payments to another victim called for under the $13,500 order of restitution.

3

We therefore find that the absence of any findings by either the district court or the presentence report keyed specifically to whether Ligon is able to pay the restitution ordered and whether the imposition of such restitution would be unduly harsh constitutes plain error. See Castner, 50 F.3d at 1277. Accordingly, we vacate the district court's restitution order and remand for the court to make explicit findings regarding Ligon's ability to pay the amount of restitution ordered.

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. We affirm Ligon's conviction, dismiss the appeal of his prison sentence, and vacate the restitution order and remand for further proceedings consistent with this opinion. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN
PART; VACATED IN PART AND REMANDED

4