**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William J. MOORE, a/k/a Billy Moore,**
**Defendant–Appellant.**

**No. 91–3182.**

United States Court of Appeals,
Tenth Circuit.

March 4, 1992.

where both parties admit that the County has not tried to enforce or otherwise act on its purported property rights.

J. Steven Schweiker, Overland Park, Kan., for defendant-appellant.

Tanya J. Treadway, Asst. U.S. Atty., Kansas City, Kan. (Lee Thompson, U.S. Atty., and Julie A. Robinson, Asst. U.S. Atty., on the brief), for plaintiff-appellee.

Before HOLLOWAY, MOORE and BRORBY, Circuit Judges.

HOLLOWAY, Circuit Judge.

The basic question presented by this appeal is whether a defendant may be determined to have two separate convictions under 18 U.S.C. § 924(c)(1) on two counts charging him with using weapons during and in relation to one underlying drug trafficking offense if the sentences on the two § 924(c) convictions are made to run concurrently. We hold that under the proper interpretation of the statute, there can be only one violation and conviction under § 924(c). Accordingly, we must remand for correction of the judgment to reflect only one § 924(c) conviction for that statutory offense and for appropriate correction of the sentences. *Ball v. United States,* 470 U.S. 856, 865, 105 S.Ct. 1668, 1673–1674, 84 L.Ed.2d 740 (1985).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant-appellant Moore appeals, following a resentencing, the judgment of convictions and sentences imposed in the district court.[1] Following a trial to a jury, Moore was found guilty on one count charging possession with intent to distribute 51.4 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1), and two counts of using firearms, two handguns and a rifle (Count 2) during and in relation to the drug trafficking offense charged in Count 1, and with using a Sten machine gun (Count 4) during and in relation to the drug trafficking offense. Initially, Moore was sentenced to 33 months' imprisonment on Count 1, five years on Count 2 to run consecutively to the sentence on Count 1, and ten years on Count 4 to run consecutively to the sentences imposed on Counts 1 and 2.[2]

Defendant Moore argues on appeal that (1) the Double Jeopardy Clause of the Fifth Amendment forbids the imposition of two convictions under § 924(c)(1) on charges concerning the use of weapons in connection with the same underlying drug trafficking offense; and (2) the conviction on Count 4 was an unconstitutional, multiplicitous § 924(c)(1) conviction, and the conviction and sentence thereon must be vacated. We agree in part with defendant Moore's position concerning the validity of his convictions and sentences.

### A. *Moore I*

In his first appeal, we vacated Moore's sentences on the two § 924(c) counts, holding that "where a defendant has been convicted of a single drug trafficking offense and more than one firearm was involved, a single violation of § 924(c)(1) occurs and multiple consecutive sentences may not be stacked to account for each firearm seized." *United States v. Moore,* 919 F.2d at 1474 (quoting *United States v. Henning,* 906 F.2d 1392, 1399 (10th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991)). Despite having vacated the sentences on Counts 2 and 4, we also addressed Moore's claim that the evidence was insufficient to support the jury verdicts on these two counts. We held that there was sufficient evidence to support the two verdicts of guilty and vacated the sentences imposed on Counts 2 and 4 and remanded for resentencing under 18

1. Defendant Moore's first appeal and the decision by this court is reported in *United States v. Moore,* 919 F.2d 1471 (10th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2812, 115 L.Ed.2d 985 (1991). Moore's codefendant, Larry Rogers, also appealed to this court and our decision on his appeal is reported in *United States v. Rogers,* 921 F.2d 1089 (10th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2812, 115 L.Ed.2d 985 (1991). The underlying facts of the drug trafficking activities and resulting arrests are reported fully in these opinions and need not be repeated here.

2. The penalties imposed under 18 U.S.C. § 924(c)(1) (1987) have been increased significantly since 1987.

U.S.C. § 924(c)(1), affirming as to the other issues there argued. *See Moore I*, 919 F.2d at 1474–76, 1478.

### B. *The Remand*

On remand, defendant Moore moved to dismiss Count 4 (the machine gun count carrying a ten-year sentence) on double jeopardy grounds, arguing that he was charged and found guilty on Count 2 (the other firearms used during and in relation to the drug trafficking offense) before he was charged and found guilty on Count 4. II R. at 4. The government asked that the court sentence Moore on Count 4 (the machine gun count) and that the court "run Count 2 concurrent to Count 4 so that he does, in fact, receive but one sentence for these two counts." II R. at 7.

The court referred to its study of our opinion in *Moore I* and stated that what was condemned by our opinion was stacking the sentences, imposing separate consecutive sentences for each firearm offense on which the defendant was found guilty. The court noted there was no question of sufficiency of the evidence because this court had held that there was sufficient evidence to support convictions on both Count 2 and Count 4. II R. at 7. Accordingly, the district court resentenced Moore to a "mandatory penalty of five years ... on Count 2 and a mandatory penalty of ten years ... on Count 4[,]" ordering the sentences to run "*concurrently* with one another" but consecutive to the sentence on Count 1. *Id.* at 8 (emphasis added). A special assessment of $50 on each count, or $150, was also imposed. *See* I R., Doc. 142. Moore timely appealed.

### II.  DISCUSSION

The version of 18 U.S.C. § 924(c)(1) under which Moore was convicted provided, in pertinent part, that:

> Whoever, during and in relation to any crime of violence or drug trafficking crime, ..., for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime ..., be sentenced to imprisonment

for five years, and if the firearm is a machine gun, ... to imprisonment for ten years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

■ By its terms, this statute required the district court to impose a mandatory minimum sentence on Moore for the use of firearms which must run consecutively to his underlying drug trafficking offense. Moore does not challenge this reading. Rather, in this second appeal, Moore argues that the district court erred in failing to dismiss one of the § 924(c) counts on remand. Moore contends that because this court held in *Henning* that the use of multiple firearms during a single drug trafficking offense constitutes "a single violation of § 924(c)[,]" it necessarily follows that one of Moore's firearm convictions (that on Count 4) and the sentence thereon must be vacated. We agree that the *Henning* decision, as applied in *Moore I*, does not permit concurrent sentences for the use of multiple firearms during and in relation to a single underlying trafficking offense. This was not made clear in our disposition in *Moore I*, but we now do so.

In *United States v. Henning, supra,* as here, the defendant was found guilty of one drug trafficking offense and guilty of two violations of § 924(c) stemming from the use of several firearms. The district court imposed two separate sentences on Henning for the § 924(c) counts, running these sentences consecutively to the sentence for the underlying drug trafficking offense, and consecutively to each other. On appeal, this court vacated Henning's two § 924(c) sentences. Relying on *United States v. Chalan*, 812 F.2d 1302 (10th Cir. 1987), and *United States v. Henry*, 878 F.2d 937 (6th Cir.1989), we held that "where a defendant has been convicted of a

single drug trafficking offense and more than one firearm is involved, *a single violation* of § 924(c)(1) occurs and multiple consecutive sentences may not be stacked to account for each firearm seized." *Henning,* 906 F.2d at 1399 (emphasis added).[3]

■ The formal disposition in the *Henning* case, vacating the sentences but not the convictions, was followed by this court in *Moore I.* As our opinion indicated, the district court on remand also left the convictions intact, only vacating one sentence. This disposition has raised the issues now present in this appeal.

We note in connection with these issues that in other cases we have vacated both "the conviction and sentence" in circumstances where there should have been only one conviction for only one violation of § 924(c). *See United States v. Chalan,* 812 F.2d 1302 (10th Cir.1987); *United States v. Ross,* 920 F.2d 1530, 1539 (10th Cir.1990) (vacating "the conviction and sentence" by applying the *Henning* rationale). Although in *Henning* we did not explain why we vacated only the sentences, the *Henning* decision clearly held that the use of multiple firearms during and in relation to a single drug trafficking offense constitutes "a single violation" of § 924(c). We believe that our prior opinions in *Henning* and *Moore I* must be modified to make a proper application of § 924(c) and to be in accord with the Supreme Court's ruling in

*Ball v. United States, supra* 470 U.S. at 865, 105 S.Ct. at 1673–1674.[4]

In *Ball,* a convicted felon was found guilty of both receiving and possessing a firearm, two independent federal offenses. The district court sentenced Ball to serve consecutive terms on the two firearm offenses. On appeal, the Fourth Circuit determined that the intent of Congress barred the assessment of consecutive sentences, and remanded with instructions to run the sentences *concurrently.* Although the Supreme Court agreed that the intent of Congress barred consecutive sentences, the Court reversed the Fourth Circuit's determination that multiple convictions under the firearms statutes there was permissible, stating:

> The separate *conviction,* apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. See *Benton v. Maryland,* 395 U.S. 784, 790–791 [89 S.Ct. 2056, 2060, 23 L.Ed.2d 707] (1969); *Sibron v. New York,* 392 U.S. 40, 54–56 [88

---

**3.** In this court's *Chalan* case, the defendant shot and killed an individual during the commission of a robbery. In addition to sentences for first degree murder and robbery, Chalan received two consecutive sentences for violation of § 924(c), one for using the handgun in relation to the robbery, and one for using the same gun in relation to a killing committed in the perpetration of a robbery. This court held that "[t]o sustain two convictions under section 924(c), the jury was required to find that Chalan had committed two crimes of violence." *Chalan,* 812 F.2d at 1316 (quotation and brackets omitted). Because all the facts needed to convict for the robbery were also needed to convict Chalan for murder, this court held that Chalan had committed but a single crime of violence for purposes of double jeopardy analysis under *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Accordingly, we vacated *both the sentence and the conviction* for the multiplicitous § 924(c)(1) counts. *See Chalan* at 1316–17.

In the Sixth Circuit's *Henry* case, defendant Henry was convicted of two underlying trafficking offenses: manufacturing and possessing marijuana with the intent to distribute. Henry also received multiple sentences for violations of § 924(c) due to various firearms found on his person and in the home where the drugs were stored. However, because the indictment linked both drug counts to both firearms counts, and the firearms were found to all bear the same relationship to the drug trafficking offenses, the conviction on one of the multiplicitous § 924(c)(1) counts was vacated. *See id.,* 878 F.2d at 943–45.

**4.** In light of the fact that we are making this modification of these prior opinions of this court, the full court has considered these modifications. We are authorized to state that these modifications are approved by all the active judges of this court.

S.Ct. 1889, 1898–1899, 20 L.Ed.2d 917] (1968). Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

We emphasize that while the Government may seek a multiple-count indictment against a felon for violations of §§ 922(h) and 1202(a) involving the same weapon where a single act establishes the receipt and possession, the accused may not suffer two convictions or sentences on that indictment. If, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses.

470 U.S. at 865, 105 S.Ct. at 1673–1674 (emphasis in original).

■ The government argues that the Sentencing Guidelines have dealt with problems like those mentioned above by the Supreme Court. However, the amelioration of some of those consequences does not address adequately the concerns stressed by the Court in *Ball.* Therefore, we remain convinced that our *Henning* rationale is correct that "a single violation" of § 924(c) occurs, despite the presence of multiple firearms, and there may be only one conviction for such a firearm offense. Hence, we affirm the rationale of *Henning* and make the modifications to clarify that in such circumstances, like those presented by Moore here, there may be only one firearms *conviction* and sentence imposed for use of firearms during and in relation to an underlying "crime of violence or drug trafficking crime," under § 924(c).[5] By doing so, we both follow the intent of § 924(c) and avoid any double jeopardy violation.

■ Although we conclude that Moore may only be convicted and sentenced for one violation of § 924(c), we do not agree with Moore's contention that we should direct the dismissal of Count 4 and vacation of the heavier sentence on that machine gun count. Under *Ball,* we are persuaded that "the district judge should enter judgment on only one of the statutory offenses." 470 U.S. at 865. We feel that the statute here clearly requires the heavier penalty because of the machine gun's use, and that it would be contrary to the intent of Congress to dismiss the more serious charge and penalty. Moore's argument that there was greater evidentiary support for Count 2, dealing with the other firearms, than for Count 4, is unpersuasive because we have determined that there was sufficient evidence to support the verdicts of guilty on both counts. *See Moore I,* 919 F.2d at 1474–76. Thus, in accord with the evident intent of Congress to punish defendants using machine guns in connection with crimes of violence or drug trafficking offenses more severely than those using only handguns, we feel that the conviction to be entered should be under Count 4, along with the mandatory minimum ten-year sentence therefor.

Accordingly, we remand this case to the district court with directions that the judgment be modified to state that the defendant was guilty of only one conviction under 18 U.S.C. § 924(c) for the conduct charged in Count 4. The special assessment of $150 must be reduced to $100 and the concurrent five-year sentence imposed as to Count 2 must be vacated, leaving only the ten-year sentence under § 924(c) respecting Count 4 to run consecutively to the 33–month sentence imposed on Count 1.

IT IS SO ORDERED.

■

---

5. Additionally, we believe that defendant Moore's argument is persuasive that the district court's judgment imposing concurrent sentences on Moore must be vacated because the sentences violate the express terms of the statute. As noted above, § 924(c)(1) provides that: "nor shall the term of imprisonment imposed under this subsection run *concurrently with any other term of imprisonment*[.]" Although the government does not respond to this argument, the words of the statute indicate plainly that Congress did not want a § 924(c) sentence to run concurrently with *any* other sentence. Because *Henning* bars the use of consecutive sentencing, and the language of § 924(c) itself bars the use of concurrent sentencing, the only logical result is that the district court may not concurrently sentence Moore on the § 924(c) counts.