UNITED STATES of America,
Plaintiff–Appellant,

v.

Roberto MARTINEZ, Defendant–
Appellee.

No. 92–30379.

United States Court of Appeals,
Ninth Circuit.

Submitted August 6, 1993.*

Decided Sept. 24, 1993.

As Amended Nov. 9, 1993.

Donald E. Kresse, Jr., Asst. U.S. Atty., Yakima, WA, for plaintiff-appellant U.S.

Antonio Salazar, Salazar Law Offices, Seattle, WA, for defendant-appellee Roberto Martinez.

Before: BEEZER, HALL, Circuit Judges, and CONTI, District Judge.**

CONTI, District Judge:

18 U.S.C. § 924(c)(1) imposes criminal liability for using or carrying a weapon "during and in relation to any crime of violence or drug trafficking." That section also provides for mandatory minimum sentences according to the type of weapon used or carried. The prescribed sentence increases as the dangerousness of the weapon increases.

Appellee Martinez was convicted under section 924(c)(1) for using both a hand gun and a machine gun in relation to the same drug trafficking offense. The district court

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

** Honorable Samuel Conti, Senior District Judge, Northern District of California, sitting by designation.

sentenced Martinez to five years for his use of the hand gun and ignored the thirty year minimum sentence prescribed by Congress for Martinez' use of the machine gun. The government appeals, asking this court to hold that where a defendant is convicted for using multiple weapons, the district court must impose the sentence prescribed for the most dangerous weapon.

We reverse and remand with instructions to the district court to impose the thirty year sentence.

## I. FACTS

On August 17, 1989, Drug Enforcement Administration (DEA) agents arrested Appellee Roberto Martinez in his home. The agents conducted a protective sweep of Martinez' house. They uncovered over a kilogram of cocaine, a 9 millimeter pistol, and a fully automatic machine gun.

A federal grand jury indicted Martinez on three counts. Count I was for possession of over 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count 2 and Count 3 were for use of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1): Count 2 was for Martinez' use of the machine gun, Count 3 for his use of the pistol. After trial, the jury found Martinez guilty on all three counts.

Section 841(b)(1)(B) requires imposition of a mandatory minimum sentence of five years on Count 1 for drug trafficking. Section 924(c)(1) requires imposition of a mandatory minimum sentence of thirty years on Count 2 for the machine gun, and a mandatory minimum sentence of five years on Count 3 for the pistol. Section 924 also requires that the sentences must run consecutively to the sentence for the underlying drug trafficking offense. The district court, Judge Alan A. McDonald, held that the forty year sentence required by the statutes violated the Eighth Amendment's prohibition against cruel and unusual punishment. The district court instead imposed a ten year sentence on Martinez.

This court affirmed Martinez' convictions on all three Counts, but reversed and remanded for resentencing. *United States v. Martinez*, 967 F.2d 1343 (9th Cir.1992). The court held that a sentence of forty years for Martinez' crimes was not unconstitutional. *Id.* at 1347–48. However, the court held that because both of Martinez' section 924(c)(1) violations (Count 2 and Count 3) were based on the same predicate offense, "the district court may only impose one consecutive sentence for the section 924(c)(1) violations." *Id.* at 1348. The court did not provide any guidance as to which count the district court should consider when sentencing Martinez, nor did the court state the appropriate disposition for the count on which Martinez was not sentenced.

On remand, the district court sentenced Martinez to five years on Count 1 for drug trafficking, and five years on Count 3 for his use of the pistol, to run consecutively to the sentence on Count 1. The district court stated that "the Court doesn't know what to do with Count 2."

The government now appeals Martinez' sentence. The government argues that because the machine gun was the more serious weapon used by Martinez, the district court should have sentenced him on Count 1 and Count 2, and ignored Count 3.

## II. DISCUSSION

■ This appeal presents an issue of statutory construction, which we review *de novo*. *See United States v. Kohl*, 972 F.2d 294, 297 (9th Cir.1992). Section 924 provides in relevant part:

> **(c)(1)** Whoever, during in and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle [or] short-barreled shotgun to imprisonment for ten years, and if the firearm is a machinegun ... to imprisonment for thirty years.

18 U.S.C. § 924(c)(1).

We have held that "each 924(c)(1) count must be supported by a separate predicate offense." *United States v. Smith*, 924 F.2d

889, 894 (9th Cir.1991). Thus, as the Tenth Circuit said, "where a defendant has been convicted of a single drug trafficking offense and more than one firearm was involved, a single violation of section 924(c)(1) occurs and multiple consecutive sentences may not be stacked to account for each firearm seized." *United States v. Henning,* 906 F.2d 1392, 1399 (10th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991).

■ Martinez' trial predated our decision in *Smith,* so his multiple convictions under section 924(c)(1) based on the same predicate offense are an anomaly. After *Smith,* the district court should consolidate multiple counts under section 924(c)(1) either before or after trial, and before sentencing, so that there will be only one section 924(c)(1) conviction for any one predicate offense.[1] Even so, the issue remains of the proper sentence where a defendant's section 924(c)(1) conviction is based on his use of multiple types of weapons which carry different penalties under the statute.

The Sixth Circuit Court of Appeals squarely addressed this issue in *United States v. Sims,* 975 F.2d 1225 (6th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1315, 122 L.Ed.2d 702 (1993). The defendants in *Sims,* like Martinez, were charged with only one substantive drug trafficking offense and separate counts under section 924(c)(1) for the use and carrying of both machine guns and non-machine guns. *Id.* at 1235. The court noted that the district court must consolidate multiple section 924(c)(1) charges either before or after the trial, so that there can be only one punishment meted out for the one gun violation. *Id.* The court then addressed the issue of the proper sentence:

> [T]he sentence imposed by the district court for the violation of section 924(c) should reflect the highest of the sentences which Congress has provided. We believe

that by establishing different sentences for different types of weapons, Congress expressed its intention to punish more severely the use and carrying of what it considers to be more dangerous weapons. *Id.* at 1236.

The Tenth Circuit Court of Appeals also addressed this issue in *United States v. Moore,* 958 F.2d 310 (10th Cir.1992). The defendant in *Moore* used both a handgun and a machine gun in relation to the same drug offense. *Id.* at 311. The court stated that "[w]e feel that the statute here clearly requires the heavier penalty because of the machine gun's use, and that it would be contrary to the intent of Congress to dismiss the more serious charge and penalty." *Id.* at 314.

Martinez argues that *Sims* and *Moore* should not be followed. The alternative would be to allow the district court discretion to choose among the different sentences mandated for different types of weapons when imposing a sentence for a section 924 conviction. Whether discretion in sentencing is advisable, as a general proposition, is an open question. But the fact is that under section 924(c) any leniency on the part of the sentencing judge would be available only to defendants who carried more than one weapon. Suppose, for example, that a drug dealer was convicted of carrying only a machine gun. His mandatory sentence under section 924(c) would be thirty years in addition to any sentence imposed for the underlying drug offense. But if the same drug dealer added a few handguns to his arsenal, he would then have at least a chance of receiving a lesser sentence if convicted. Thus, to allow the sentencing court to choose among the different sentences prescribed for different weapons under section 924 would create a chance of a perverse reward for the criminal who carries more than one weapon. We

---

1. In *Smith,* the court vacated one of the defendant's two convictions. *See* 924 F.2d at 894–95 & n. 2. The problem in this case was not presented in *Smith* because in that case both convictions were for the same type of weapon. Where the defendant is charged for using different types of weapons under section 924(c)(1), the district court should either (1) submit separate counts under section 924(c)(1) to the jury, and, if there

is more than one conviction, merge those convictions after the trial, or (2) submit one section 924(c)(1) charge to the jury with special interrogatories requiring the jury to specify which weapon or weapons the defendant used or carried. *See United States v. Sims,* 975 F.2d 1225, 1235–36 (6th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1315, 122 L.Ed.2d 702 (1993).

decline to adopt such a construction of the statute.

Martinez also argues that the district court should be affirmed because in this case the pistol had a closer relationship to the predicate offense than did the machine gun. This argument is unpersuasive, however, because the jury found that Martinez used or carried both weapons, and we have held that the evidence was sufficient to support Martinez' convictions on both charges. *Martinez,* 967 F.2d at 1346. Declining to sentence Martinez for using the machine gun would thwart Congress' intent to punish more severely criminals who use such dangerous weapons. *See Moore,* 958 F.2d at 314 (rejecting identical argument).

Martinez finally invokes the rule of lenity, arguing that any uncertainty in the statute should be construed in favor of the more lenient sentence. We have no occasion to employ the rule of lenity, however, because we find that Congress has expressed its "clear intent to impose more severe penalties for carrying more dangerous weapons." *Sims,* 975 F.2d at 1236; *see also Moore,* 958 F.2d at 314 ("evident intent of Congress to punish defendants using machine guns ... more severely than those using only handguns").

## III. CONCLUSION

We hold that where a defendant is convicted for using multiple weapons under 18 U.S.C. § 924, the district court must sentence the defendant according to the most dangerous weapon used or carried in the offense. We REVERSE and REMAND to the district court with instructions to impose the mandatory thirty year sentence on Count 2 to run consecutively with the five year sentence imposed on Count 1. The district court should consolidate or merge Count 3 with Count 2 prior to resentencing.

REVERSED and REMANDED.