**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4711

GREGORY SCOTT CORBETT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-96-67-BO)

Submitted: January 6, 1998

Decided: January 23, 1998

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Gordon Widenhouse,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Yvonne V. Watford-
McKinney, Assistant United States Attorney, Raleigh, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gregory Scott Corbett was convicted by a jury of bank robbery in violation of 18 U.S.C.A. § 2113(a), (d) (West 1994 & Supp. 1997), and of using a semiautomatic assault weapon during and in relationship to a crime of violence in violation of 18 U.S.C.A. § 924(c)(1) (West 1994 & Supp. 1997). The court sentenced Corbett to imprisonment for 57 months for the bank robbery count and 120 months for the firearm count and also ordered Corbett to pay an assessment of $100 and restitution in the amount of $28,000. Corbett appeals his conviction and sentence under § 924(c)(1), asserting that the district court erred in instructing the jury. Corbett also claims that the district court erred in failing to make specific factual findings to support its restitution order. Finding that the district court did not plainly err in instructing the jury, we affirm Corbett's conviction and sentence. However, because the court failed to make adequate factual findings to support its restitution order, we vacate the restitution portion of the court's order and remand only that portion of the order to the district court for that court to make the appropriate findings and to impose restitution accordingly. Additionally, we offer some guidelines on fashioning appropriate orders under the Victim and Witness Protection Act of 1992 (VWPA), 18 U.S.C.A. § 3664(f)(2) (West Supp. 1997).

First, Corbett challenges his conviction and sentence to 120 months imprisonment for using a semiautomatic weapon in violation of § 924(c). Corbett claims that because trial testimony indicated that he possessed other guns, the district court erred in instructing the jury by not requiring the jury to unanimously conclude that the firearm used in the bank robbery was a semiautomatic weapon. Corbett therefore claims that he is entitled to a new trial. However, Corbett forfeited appellate review of this issue, other than for plain error, by failing to raise it before the district court. See United States v. Olano, 507 U.S.

2

725, 733 (1993). Accordingly, this court's review is limited to determining whether the government's conduct "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

The court instructed the jury that the indictment charged Corbett with "knowingly using and carrying a firearm--an Intertec, model 22--TEC 22--.22 caliber, 30-round handgun--during and in relation to a crime of violence . . ., namely bank robbery." Further, the court instructed that the charge was in violation of 18 U.S.C. § 924(c), which the court explained, "says . . . whoever during and in relation to a crime of violence, uses or carries a firearm, may be guilty of an offense against the United States." We recognize that certain fact-settings will necessitate special unanimity instructions as to the identity of the firearm used or carried. See United States v. Alerta, 96 F.3d 1230, 1235 (9th Cir. 1996); United States v. Martinez, 7 F.3d 146, 148 (9th Cir. 1993); United States v. Sims, 975 F.2d 1225, 1235 (6th Cir. 1992). However, we find that under the facts of this case--where the indictment only charged the defendant with using and carrying one firearm--no such instruction was warranted. Cf. Alerta, 96 F.3d at 1235; Martinez, 7 F.3d at 148; Sims , 975 F.2d at 1235. Accordingly, because we conclude that the district court's instructing of the jury in this case clearly does not affect substantial rights, we find no plain error. See Olano, 507 U.S. at 736.

Next, Corbett claims that the district court erred in not making specific factual findings before ordering him to pay restitution. When a defendant fails to object at sentencing to the calculation of restitution, the defendant waives appellate review of the restitution orders under the VWPA except for plain error. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). Sentencing courts must make explicit findings of fact on each of the factors enumerated in the VWPA. See United States v. Molen, 9 F.3d 1084, 1086 (4th Cir. 1993); United States v. Bruchey, 810 F.2d 456, 458 (4th Cir. 1987). The court's findings must connect the amount and type of restitution ordered to the financial resources, financial needs, and earning ability of the defendant. See Molen, 9 F.3d at 1086; Bruchey, 810 F.2d at 458-59. Further, a determination that compliance with the order of restitution will not cause undue hardship to the defendant or his

3

dependents must be made. See Molen, 9 F.3d at 1086; Bruchey, 810 F.2d at 459. A district court may satisfy this requirement by announcing its findings on the record or adopting adequate proposed findings contained within a presentence report. See Molen , 9 F.3d at 1086; United States v. Bailey, 975 F.2d 1028, 1032 (4th Cir. 1992).

Because we find that the district court's restitution order in this case did not comply with the VWPA, we conclude that the court's entry of the restitution portion of the order was plain error. See 18 U.S.C.A. § 3664(f)(2) (West Supp. 1997). The district court fixed the amount of restitution and took into account the victims' losses. The court, however, failed to make explicit findings regarding Corbett's financial resources and his future earning ability. See Molen, 9 F.3d at 1086; Bruchey, 810 F.2d at 458. Thus, because the court below neither articulated on the record specific factual findings with regard to the factors enumerated in § 3664(f)(2), nor adopted a presentence report containing adequate findings as to the enumerated factors, we vacate the restitution order and remand to the district court for that court to make appropriate findings regarding the order of restitution. See Molen, 9 F.3d at 1086.

As an assistance on remand, we note that the defendant bears the burden of establishing his inability to pay restitution. See 18 U.S.C.A. § 3664(e); see also Castner, 50 F.3d at 1277 n.9 (4th Cir. 1995) (stating that defendant must show inability to pay restitution by preponderance of evidence). Further, we point out that restitution is only appropriate in an amount that the defendant can realistically be expected to pay. See Bailey, 975 F.2d at 1032. Additionally, we note that the district court may not delegate its judicial function of determining the amount and timing of restitution. See United States v. Johnson, 48 F.3d 806, 809 (4th Cir. 1995).

For these reasons, we affirm Corbett's conviction and sentence under 18 U.S.C. § 924(c). However, we vacate the restitution portion of the court's order and remand that aspect of the order to the district court to make the appropriate findings and to assess restitution accordingly. We decline to comment on the amount of any restitution ordered. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED
AND REMANDED IN PART

4