141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellant,
v.
Kathleen M. LENNARTZ, Defendant-Appellee.
 No. 97-30133.
D.C. No. CR-95-02045-AAM.
 United States Court of Appeals, Ninth Circuit.
 Decided March 9, 1998.
Argued and Submitted February 6, 1998 Seattle, Washington.
 
 Appeal from the United States District Court for the Eastern District of Washington Alan A. McDonald, District Judge, Presiding.
 Before BROWNING, WRIGHT and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We must decide whether a sentence can be increased for use of a short-barreled shotgun in relation to a narcotics trafficking offense when neither the indictment nor the jury instruction concerning the offense described the firearm's barrel and where short-barreled shotguns are described only in relation to offenses for which the convictions were later reversed. We hold that the sentence may not be increased.
 
 BACKGROUND:
 
 3
 A jury found Kathleen Lennartz guilty of narcotics trafficking, use of a firearm in relation to a narcotics trafficking offense, and possession of unregistered short-barreled shotguns. She appealed. This court reversed her convictions on two counts of possession of unregistered short-barreled shotguns because the government conceded that the jury instructions on those counts were incorrect as to the knowledge element.[1] We affirmed her convictions for narcotics trafficking and use of a firearm in relation to a narcotics trafficking offense, but vacated the combined sentence and remanded for resentencing.
 
 
 4
 On remand, the district court considered whether Lennartz should be sentenced under 18 U.S.C. § 924(c)(1) to five years for use of a firearm in relation to a narcotics trafficking offense or to ten years for use of a short-barreled shotgun. The only jury findings that the firearms were short-barreled shotguns were in relation to the reversed convictions for possession. The court declined to impose the additional five-year sentence, stating that it found no case law indicating whether reversal of the possession convictions erased all jury findings related to them, and concluding that the defendant should get the benefit of the doubt. The government appeals.
 
 ANALYSIS:
 
 5
 This court reviews de novo the legality of a sentence. United States v. Garcia, 112 F.3d 395, 397 (9th Cir.1997).
 
 
 6
 The United States contends that the court erred in sentencing Lennartz under 18 U.S.C. § 924(c)(1) to five years imprisonment for use of a firearm during a drug trafficking offense rather than ten years for use of a short-barreled shotgun during a drug trafficking offense. Section 924 provides:
 
 
 7
 Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, to imprisonment for ten years....
 
 
 8
 18 U.S.C. § 924(c)(1) (emphasis added).
 
 
 9
 This court has held that the character of the firearm is an element of the crime which requires a jury finding to support sentencing beyond five years under § 924(c)(1):
 
 
 10
 Because of the immense consequences that follow a determination whether a firearm used in violation of section 924(c)(1) is an ordinary firearm or, at the other extreme, a machine gun, we have stated that a jury finding on that issue is required.
 
 
 11
 United States v. Alerta, 96 F.3d 1230, 1235 (9th Cir.1996) (citing United States v. Martinez, 7 F.3d 146, 148 & n. 1 (9th Cir.1993)).
 
 
 12
 "[F]ailure to provide the jury with an instruction on an element of a crime is subject to harmless error analysis, but under a very strict standard of harmlessness." Id. Only if review of the facts found by the jury establishes that the jury "necessarily" found the omitted element is the error harmless. Id.
 
 
 13
 Count 3 of Lennartz's Superseding Indictment charged her with violating § 924 as follows:
 
 
 14
 That during the time intervening between on or about 1st day of November, 1994, and the 30th day of November, 1994, at Yakima, in the Eastern District of Washington, Kathleen M. Lennartz did knowingly or intentionally use or carry a firearm, to wit, a Sears J .C. Higgins 12 gauge shotgun having no serial number, during and in relation to the commission of a narcotics trafficking crime, to wit, distribution of a controlled substance, methamphetamine; all in violation of Title 18, United States Code, Section 924(c)(1).
 
 
 15
 Jury Instruction No. 10 was given on this § 924 charge. For conviction, it required the jury to find that Lennartz committed a drug trafficking crime and, during and in relation to that crime, knowingly used or carried a firearm. It referred to Count 3, but did not specify the character of the firearm at issue. The jury indicated on the verdict form that it found Lennartz "[g]uilty of the offense of using or carrying a firearm during and in relation to a drug trafficking offense as charged in Count 3 of the indictment."[2]
 
 
 16
 Under Alerta, the jury's findings on Count 3 required imposition of a five-year sentence for use of a firearm, but did not alone support imposition of a ten-year sentence for use of a short-barreled shotgun. The government contends, however, that the jury made a finding in relation to reversed Count 2 that requires the longer sentence.
 
 
 17
 In Count 2, Lennartz was charged with possession of an unregistered firearm described as "a weapon made from a Sears, J.C. Higgins, Model 583.10, .12 gauge shotgun having a barrel length of 15 5/8 inches and an overall length of 27 1/2 inches and having no serial number." The jury was instructed that in order to find Lennartz guilty of Count 2, it had to find that she "possessed a firearm made from a shotgun that, as modified, had an overall length of less than 26 inches or a barrel length of less than 18 inches." The jury convicted Lennartz on Count 2, but this court subsequently reversed the conviction because of error in the jury instruction on the knowledge element of possession of a short-barreled shotgun.
 
 
 18
 The government argues that reversal of the conviction on Count 2 is unrelated to the jury's finding in relation to that count that the described firearm was a short-barreled shotgun, and that sentencing on Count 3 should be based on that finding. The government contends that in Count 2 the jury "necessarily" found the omitted element in Count 3 as required by Alerta.
 
 
 19
 Lennartz responds that an element of a crime cannot be established through a reversed conviction. The parties, the district court and this court have been unable to find case law on point. We need not decide this issue, however, because even if the jury's finding in relation to reversed Count 2 is still viable, the jury did not "necessarily" find that the firearm described in Count 3 was a short-barreled shotgun. Counts 2 and 3 both involved a Sears, J.C. Higgins 12 gauge shotgun having no serial number. There is no indication in either the indictment or the jury instructions, however, that the two counts describe the same firearm. Count 2 additionally describes its firearm's model number, barrel length and overall length. Count 3 does not mention these characteristics and does not reference Count 2 or the firearm described in that count. The jury instructions corresponding to these counts similarly include no statements indicating that the same firearm is described in both. While it seems entirely likely that both counts describe the same firearm, we cannot say that the jury "necessarily" found that the firearm in Count 3 was shorter than allowed by law simply because it made such a finding as to the firearm in Count 2. There is therefore no basis for sentencing Lennartz to more than five years on Count 3. We affirm the Amended Judgment.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The decision is referenced in a "Table of Decisions Without Reported Opinions" as United States v. Lennartz, 99 F.3d 1147 (9th Cir.1996)
 
 
 [2]
 Jury Instruction No. 8 advised the jury that Count 3 involved a firearm described as "a Sears J.C. Higgins 12 gauge shotgun."