**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel Octavio ULLOA, Defendant–
Appellant.**

No. 02–30285.

D.C. No. CR–99–04–BLG–RFC–13.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2001.*

Decided Oct. 14, 2003.

Before HAWKINS and BERZON,
Circuit Judges, and QUACKENBUSH,**
Senior District Judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Justin L. Quackenbush, Senior District Judge for the Eastern District of Washington, sitting by designation.

MEMORANDUM \*\*\*

Daniel Octavio Ulloa ("Ulloa") appeals his conviction and sentence for two counts of using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Ulloa was a member of a large scale methamphetamine distribution ring. A member of that conspiracy traded drugs for guns. Because the parties are familiar with the facts we do not repeat them here.

Ulloa contends that there was insufficient evidence to support his firearms convictions. He also contends, and the Government concedes, that the district court erred in imposing consecutive sentences for two § 924(c) convictions when both convictions were founded upon the same predicate offense of conspiracy. We affirm the convictions but reverse the § 924(c) sentences.

Under 18 U.S.C. § 924(c), the Government must prove an underlying predicate offense as defined by the statute and the use of a firearm during and in relation to that offense. *United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir.1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000). The "use" alleged by the Government was the trading of guns for drugs. "The active-employment understanding of 'use' certainly includes ... bartering ... a firearm." *Bailey v. United States*, 516 U.S. 137, 148, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995); *United States v. Ramirez–Rangel*, 103 F.3d 1501, 1506 (9th Cir.1997)(applying *Bailey* where seller accepted guns as payment for drugs). Accordingly, the "use" element of the § 924(c) offense may be met by proof of bartering.

There were two theories presented by the Government on the § 924(c) charges. Under an aiding and abetting theory, Ulloa must have directly facilitated or encouraged the use of the firearm. *United States v. Nelson*, 137 F.3d 1094, 1103 (9th Cir.1998)(internal citation omitted). While mere knowledge of a weapon is insufficient, foreknowledge may support a conviction for aiding and abetting. *Id.*

■ The timeline established by the testimony in this case is tenuous at best. The evidence did not establish Ulloa's foreknowledge of the bartering. Nor was it established that Ulloa directly facilitated or encouraged the bartering. Thus, there was insufficient evidence to convict Ulloa under an aiding and abetting theory.

Under *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), each conspirator is liable for the criminal acts of his co-conspirators where: "(1) the substantive offense was committed in furtherance of the conspiracy; (2) the offense fell within the scope of the unlawful project; and (3) the offense could reasonably have been foreseen as a necessary or natural consequence of the unlawful agreement." *United States v. Douglass*, 780 F.2d 1472, 1475–76 (9th Cir.1986) (citations omitted). The *Pinkerton* instruction did not require the jury to find beyond a reasonable doubt that some co-conspirator committed the firearms offense. *United States v. Casteneda*, 16 F.3d 1504, 1511 at n. 6 (9th Cir.1994). It is unclear which co-conspirator served as the basis for the *Pinkerton* conviction. Because Ulloa does not challenge the instruction we do not address its adequacy. *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir.1985).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

In the case *sub judice,* weapons were traded for drugs. Ulloa's partners approved of the bartering and encouraged the use of the guns to collect drug debts. This use was 'in furtherance of' and 'within the scope of' the unlawful conspiracy of which Ulloa was a member. Under *Pinkerton,* the jury need not have found that Ulloa actually knew that guns were being used, only that it was a reasonably foreseeable necessary or natural consequence of the conspiracy. *United States v. Alvarez–Valenzuela,* 231 F.3d 1198, 1203 (9th Cir. 2000). It was reasonably foreseeable that weapons would be used where large quantities of drugs were being transported from California to Montana, with payments exceeding $500,000 in a several month period. *United States v. Diaz,* 864 F.2d 544, 549 (9th Cir.1988)(when an individual conspires to take part in a street transaction involving $39,000 of cocaine it was reasonably foreseeable that a weapon would be carried). Further, where there are a relatively small number of participants who know one another well, it is reasonable to infer that each conspirator was likely to know the others' methods of operation. *United States v. Douglass,* 780 F.2d 1472, 1476 (9th Cir.1986). Accordingly, there was sufficient evidence to find Ulloa guilty under a *Pinkerton* theory of liability.

At all times relevant to this appeal § 924(c) provided for a five-year penalty for the use of a firearm. 18 U.S.C. § 924(c)(1) (1996). Greater penalties attach for more dangerous weapons and in the case of second or subsequent convictions. *Id.*

This court has held that each § 924(c) count must be supported by a separate predicate offense. *United States v. Martinez,* 7 F.3d 146, 147–48 (9th Cir.1993) (citation omitted). Possession with intent to distribute and conspiracy are two separate offenses for § 924(c) purposes. *United States v. Lopez,* 37 F.3d 565, 570 (9th Cir.1994), *vacated on other grounds,* 516 U.S. 1022, 116 S.Ct. 663, 133 L.Ed.2d 514 (1995). Here, however, the Government relied on the conspiracy for both § 924(c) charges.

Where there is more than one § 924(c) conviction based on the same predicate offense multiple sentences may not be stacked to account for each weapon seized. *Martinez,* 7 F.3d at 148. There are two ways to resolve the issue: (1) submit separate counts to the jury and merge multiple convictions after trial; or (2) submit one count to the jury with special interrogatories requiring the jury to specify which weapon(s) the defendant used. *Id.* Ulloa's second conviction (Count 12) does not qualify as a second or subsequent conviction because both counts were based on the conspiracy. The district court erred in stacking multiple sentences where both convictions were founded upon the same predicate offense.

The § 924(c) sentences are VACATED and this matter is REMANDED with instructions to merge the § 924(c) convictions (Counts 11 & 12) and impose a five-year sentence, to run consecutive to the thirty-year sentence imposed on Count 1.

AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.