He v. Sessions

BIA
Sichel, IJ
A200 748 061

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of July, two thousand eighteen.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

XIANG JIAN HE,
> *Petitioner,*

v.                                                          16-4074
                                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Farah Loftus, Law Office of Farah Loftus, Los Angeles, CA.

FOR RESPONDENT:              Chad A. Readler, Acting Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Virginia Lum, Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang Jian He, a native and citizen of the People's Republic of China, seeks review of a November 17, 2016 decision of the BIA affirming a January 22, 2016 decision of an Immigration Judge ("IJ") denying He's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Jian He,* No. A 200 748 061 (B.I.A. Nov. 17, 2016), *aff'g* No. A 200 748 061 (Immig. Ct. N.Y. City Jan. 22, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's adverse credibility determination to assess whether it is supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the

totality of the circumstances," base an adverse credibility determination on discrepancies between an applicant's and a witness's testimony, as well as on internal inconsistencies in an applicant's testimony. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. On review of the record, we conclude that substantial evidence supports the agency's adverse credibility finding, as inconsistencies called into question He's account of his practice of Christianity as well as of relevant past events.

First, the agency reasonably relied on an inconsistency in the testimony presented regarding the place of He's baptism. 8 U.S.C. § 1158(b)(1)(B)(iii). He asserted that the baptism took place in China in 2008, whereas his pastor in New York testified to having baptized He in December 2013 in New York and averred that he would not have baptized someone who had previously been baptized. Although He argues otherwise, this was not a minor inconsistency. The significance of the circumstances of He's baptism is

underscored by He's statement that he did not consider himself a "real Christian" until his baptism in 2008. This inconsistency undermined He's overall credibility with respect to his statements about his Christianity. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). He has not offered any explanation for the discrepancy.

Second, He and his cousin gave conflicting testimony about whether the two attended church together in New York. This conflict further undermined He's claim to be a practicing Christian. 8 U.S.C. § 1158(b)(1)(B)(iii). He initially testified that they never attended church together, and confirmed his testimonial statement several times. After He's cousin testified that they attended church together, however, He changed his testimony. He has not provided a compelling explanation for the inconsistency in his testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-

finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Third, in his adverse credibility finding, the IJ reasonably relied on the inconsistent statements made by He about injuries he allegedly incurred as a result of a 2007 detention and beating in China. He's application mentioned the detention and beating, but did not describe any such injuries. On cross-examination, He affirmed that the beating caused internal injuries and broken bones; but on redirect, He clarified that he suffered only cuts and bruises. This inconsistency relates directly to He's allegation of past persecution and calls into question the entirety of his claim that he was arrested and beaten for attending an underground church. 8 U.S.C. § 1158(b)(1)(B)(iii); *cf. Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding.").

Considering these discrepancies relating to He's baptism, church attendance, and injuries, in the totality of

the circumstances presented, we conclude that substantial evidence supports the agency's ruling. *Siewe*, 480 F.3d at 170; *Xiu Xia Lin*, 534 F.3d at 166-67. Because He's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court