Sherpa v. Garland

BIA
Donnolo, IJ
A206 626 195

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-one.

PRESENT:
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

YANGLAMU SHERPA,
> *Petitioner*,

v.                                              19-1323
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONER:            Ramesh K. Shrestha, Esq., New
                           York, NY.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yanglamu Sherpa, a native and citizen of Nepal, seeks review of an April 16, 2019 decision of the BIA, affirming a February 2, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Yanglamu Sherpa*, No. A 206 626 195 (B.I.A. Apr. 16, 2019), *aff'g* No. A 206 626 195 (Immigr. Ct. N.Y.C. Feb. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA and reach only the adverse credibility determination on which the BIA relied. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable

2

standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim. . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the agency's determination that Sherpa was not credible as to her claim that Maoists attacked her on account of her membership in the Nepal Women's Association.

Sherpa's challenge to the reliability of the record of

her credible fear interview is unexhausted. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 107, 122-24 (2d Cir. 2007) (holding that issue exhaustion generally is mandatory). In any event, we conclude that the interview record "bears sufficient indicia of reliability to warrant its consideration by the agency" given that it is memorialized in a typed list of questions and answers, includes questions designed to elicit an asylum claim, and was conducted through a Nepali interpreter. *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

The agency thus reasonably relied on inconsistencies between Sherpa's statements at her credible fear interview and her hearing testimony regarding whether Maoists ever physically harmed her on account of her participation in the women's organization. The inconsistencies about whether and why she was physically harmed provide substantial evidence for the adverse credibility determination because they relate to the most recent allegation of persecution, the sole incident of physical harm, and whether the harm was on account of a protected ground as required to state a claim for asylum and withholding of removal. *See Xian Tuan Ye v. Dep't of*

4

*Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (per curiam) (holding that "a material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which [s]he sought asylum . . . afforded substantial evidence to support the adverse credibility finding.") (internal quotation marks and citation omitted). The agency was not compelled to accept Sherpa's explanation that she was nervous and wanted to forget past events. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony.") (internal quotation marks and citation omitted).

Having questioned Sherpa's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to

5

rehabilitate testimony that has already been called into question."). The agency reasonably declined to credit letters from Sherpa's friends and family in Nepal because the authors were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from friends and family insufficient to provide substantial support for claims because they were from interested witnesses not subject to cross-examination), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). Nor did the agency err in declining to credit medical documentation prepared three years after the alleged treatment and based, in part, on information provided by Sherpa's father. *See Y.C.*, 741 F.3d at 332; *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008).

Given the agency's corroboration findings and the inconsistencies in Sherpa's statements, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single

6

inconsistency might preclude an alien from showing that an IJ was compelled to find h[er] credible. Multiple inconsistencies would so preclude even more forcefully."). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court