UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4509

RAMONA OBERA TUCKER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-97-985)

Submitted: December 29, 1998

Decided: January 20, 1999

Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ramona Tucker appeals the district court judgment entered pursuant to a jury verdict finding her guilty of making false statements to a financial institution and uttering forged securities in violation of 18 U.S.C. §§ 513(a), 1014 (1994). Tucker's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious grounds for appeal. Tucker was informed of her right to file a pro se supplemental brief, which she failed to file. Because our review of the entire record reveals no reversible error, we affirm.

Tucker first asserts that there was insufficient evidence to support her convictions. To sustain a conviction, this court must find that the evidence, when viewed in a light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Tresvant , 677 F.2d 1018, 1021 (4th Cir. 1982).

The evidence adduced at trial was that on October 28, 1997, Tucker opened a checking account at NationsBank in Greenville, South Carolina. In opening the account, she falsely represented to NationsBank that her employer, Suzanne E. Coe, authorized her to open the account for business purposes in the name of "Law Office of Suzanne E. Coe." She further lied in stating that the signatures affixed to the newly opened account card and the "corporate resolution" were Coe's signature. Tucker had actually forged Coe's signature on these documents. After opening the account, Tucker diverted funds payable to Coe's law practice into the account, and then wrote checks from the account on which she forged Coe's signature. Testifying in her own defense, Tucker asserted that Coe had authorized her to open the account and to forge Coe's signature to facilitate payment for office expenses. Despite Tucker's assertions of innocence, the government presented more than ample evidence from which the jury

2

could have found Tucker guilty of the charged offenses. We therefore reject her claim challenging the sufficiency of the evidence presented in support of her convictions.

Tucker next asserts that the district court erred in determining the amount of restitution she owed. Tucker's presentence report recommended that Tucker pay $34,468.49 in restitution based on the loss sustained by NationsBank* as a result of her fraudulent activities. At sentencing Tucker challenged this figure, claiming that some of the checks she wrote from the NationsBank account were used to purchase legitimate items for Coe's law practice, and thus Coe did not sustain losses in the full amount of the fraudulent checks. Coe, however, testified that she had reimbursed Tucker for any legitimate items Tucker purchased for the law practice, because she mistakenly believed that Tucker was paying for the items out of Tucker's own pocket and not from funds diverted from the law practice. The district court found that Coe's stated loss figure was appropriate and overruled the objection to the restitution amount.

When determining the amount of restitution to order, the district court is obliged to consider the amount of the loss sustained by any victim as a result of the offense. See 18 U.S.C.A. § 3664(a) (West 1996); United States v. Molen, 9 F.3d 1084, 1086 (4th Cir. 1993). A district court's calculation of loss is a finding of fact reviewed for clear error. See United States v. Dozie, 27 F.3d 95, 99 (4th Cir. 1994). The government has the burden of proving sentencing factors by a preponderance of the evidence. See United States v. Estrada, 42 F.3d 228, 231 (4th Cir. 1994). In proving these factors, the government may rely upon information found in a defendant's presentence report unless the defendant affirmatively shows that such information is inaccurate or unreliable. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). Here, the district court credited Coe's testimony that she received no benefit from any purchases Tucker may have made using illegally diverted funds. Because Tucker failed to affirmatively show that the loss figure in the presentence was inaccurate, the district court did not commit clear error in adopting that amount as the appropriate loss figure for restitution purposes.

_____

*Because NationsBank reimbursed Coe for her losses, it became the victim of Tucker's crimes.

Tucker next challenges the enhancements to her base offense level based on the district court's findings that her offense involved more than minimal planning and that she obstructed justice by perjuring herself. The Sentencing Guidelines provide for a two-level increase in the defendant's base offense level if the offense involved more than minimal planning. United States Sentencing Guidelines Manual § 2B1.1(b)(4)(A) (1997). An enhancement for more than minimal planning is appropriate "in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, comment. (n.1(f)). This court reviews a district court's determination that a defendant has engaged in more than minimal planning for clear error. See United States v. Pearce, 65 F.3d 22, 26 (4th Cir. 1995).

In awarding the two-level enhancement, the district court noted that Tucker forged Coe's signature in opening a bank account in the name of Coe's law practice without permission, and then uttered forty-eight fraudulent checks drawn on the account over a seven month period. Based on this evidence the district court's finding that Tucker's offense involved more than minimal planning was not clearly erroneous.

We also reject Tucker's assertion that the district court erred in enhancing her sentence for obstruction of justice under U.S.S.G. § 3C1.1 (1997), based on her commission of perjury. Upon objection to a § 3C1.1 enhancement for perjured testimony, a district court must make specific findings that the defendant gave false testimony on a material matter with the willful intent to deceive. See United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). Here, the district court found that Tucker blatantly perjured herself at trial and again at sentencing in testifying that Coe gave her permission to open the bank account and to obtain a credit card in Coe's name. Because Tucker's testimony was totally incredible and was offered in an effort to absolve herself for responsibility for the very acts giving rise to her conviction, the district court did not clearly err in imposing an obstruction of justice enhancement.

Tucker next asserts that the district court abused its discretion in departing upward from the guideline range based on her prior similar conduct that did not result in a criminal conviction. The district court

4

may depart upward "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3 (1997). The section "is designed to deal with defendants who possess an `extensive record' that is not adequately reflected by their Criminal History Category, or those whose criminal background shows them to `pose a greater risk of serious recidivism.'" United States v. Blake, 81 F.3d 498, 504 (4th Cir. 1996) (quoting U.S.S.G. § 4A1.3, comment. (backg'd)). This court reviews a district court's determination that a defendant's criminal history category inadequately represents his past conduct or likelihood of committing other crimes for clear error; the extent of a departure is reviewed for abuse of discretion. See United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990).

At sentencing, the government presented evidence that Tucker was involved in three similar episodes of criminal conduct for which she had not been prosecuted. In each instance Tucker abused a position of trust in order to divert funds away from an organization for her own personal use. After hearing evidence of these incidents the district court found that Tucker's criminal history category of one was inadequate, and that a criminal history category of three would appropriately represent Tucker's prior criminal conduct and the likelihood that she would commit future crimes. Considering that the government presented unrefuted evidence documenting Tucker's significant history of theft, the district court did not err in determining the inadequacy of Tucker's criminal history category. Further, the repetitive nature of Tucker's past fraudulent behavior supports the extent of the departure.

Tucker's final contention is that her attorney provided ineffective assistance. Claims of ineffective assistance are not properly raised on direct appeal unless the record conclusively discloses that the defendant received inadequate representation. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Because the record does not conclusively establish ineffective assistance, Tucker is relegated to raising the claim in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Tucker's

5

convictions and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. See Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

6