Marmolejo Silva v. Garland

BIA
Ruehle, IJ
A205 152 875

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand twenty-three.

PRESENT:
RICHARD C. WESLEY,
RICHARD J. SULLIVAN,
MYRNA PÉREZ,
        *Circuit Judges.*

_____

FRANCISCO MARMOLEJO SILVA,
        *Petitioner*,

        v.                                    21-6126
                                             NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          Matthew L. Kolken, Kolken & Kolken, Buffalo, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; Anna Juarez,

Senior Litigation Counsel; Kathryn M. McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Francisco Marmolejo Silva, a native and citizen of Mexico, seeks review of a February 8, 2021 decision of the BIA affirming a May 22, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Francisco Marmolejo Silva,* No. A 205 152 875 (B.I.A. Feb. 8, 2021), *aff'g* No. A 205 152 875 (Immig. Ct. Buffalo May 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial of Marmolejo Siva's petition for review. Summary denial is a "rare exception to the completion of the appeal process" and "is available only if an appeal is truly frivolous." *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010) (internal quotation marks omitted). A claim is

frivolous if it based on an "inarguable legal conclusion" or "fanciful factual allegation." *Pillay v. I.N.S.*, 45 F.3d 14, 16 (2d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). That said, Marmolejo Silva has filed his brief, so rather than determining whether the petition meets the standard for frivolousness, we construe the Government's motion for summary denial as its brief and deny the petition on its merits.

Marmolejo Silva argues that the agency erred in denying his application for asylum as untimely. He also argues that the agency erred in denying asylum, withholding of removal, and CAT relief based on an adverse credibility determination and lack of corroboration. Marmolejo Silva alleges that he was threatened, and other family members were killed or disappeared, because he helped extradite a cartel member who had killed his brother in 2008.

**I. Asylum**

An applicant is barred from asylum absent "clear and convincing evidence that the application has been filed within 1 year after the date of . . . arrival in the United States" or, as relevant here, within a reasonable time of

3

"changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(B), (D). Our jurisdiction to review the denial of an asylum claim as untimely, including the changed-circumstances analysis, is limited to constitutional claims and questions of law. *Id.* § 1158(a)(3); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2007) (claim must be "colorable" to involve this Court's jurisdiction).

Here, we do not have jurisdiction over Marmolejo Silva's challenge to the agency's denial of asylum as time-barred. Marmolejo Silva asserts that the IJ failed to consider 2016 and 2018 U.S. Department of State Travel Advisories that indicated increasing violence in his home state in Mexico. But this argument does not raise a colorable question of law because the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence that a petitioner offers." *Quituizaca v. Garland*, 52 F.4th 103, 115 (2d Cir. 2022) (internal quotation marks omitted). The Travel Advisories do not "compellingly suggest" that the agency ignored changes in conditions, as the advisories do not describe conditions in Mexico, identify

4

changes in conditions, or explain why the travel warnings or restrictions changed from 2016 to 2018. *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

**II. Withholding of Removal and CAT Relief**

As to Marmolejo Silva's claims for withholding of removal and CAT relief, substantial evidence supports the agency's adverse credibility determination. We review the agency's adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made) . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility

5

ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, the IJ reasonably relied on two inconsistencies between Marmolejo Silva's testimony and written statements about the nature of the threats he received and whether he reported them to the police. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Marmolejo Silva's written statement asserted that people threatened him over the phone and in person at his work, but he testified that he only received threats by phone. *See* Certified Admin. Record at 209, 241–42, 303. Further, Marmolejo Silva's written statement asserted that he reported threats to the police and they told him they could not help him, but he testified that he did not call the police to report any threats. *Id.* at 242, 303. The agency was not required to credit his explanation that he reported the threats in person, given that he also explained that he did not call the police because he was afraid—not that he went in person. *See Majidi v.*

6

*Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).[1]

Moreover, a lack of corroboration resolving these inconsistencies or confirming other aspects of the claim bolsters the adverse credibility determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Here, Marmolejo Silva failed to corroborate his brother's membership in the National Guard or his own involvement in extraditing his brother's killer to Mexico.

---

[1] We do not rely on the IJ's finding that Marmolejo Silva omitted details of his brother's death from his testimony at the hearing because he was not questioned regarding those details. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 121 (2d Cir. 2006) ("[W]here the perceived incongruities . . . are not plainly obvious, an IJ cannot rely on them . . . without first identifying the alleged inconsistencies for the applicant and giving the applicant an opportunity to address them.").

Together with the aforementioned inconsistencies, this lack of corroboration provides substantial evidence for the adverse credibility determination, and necessitates denial of Marmolejo Silva's claims for withholding of removal and CAT protection, which relied on the same factual predicates. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the Government's motion for summary denial is construed as its brief, and the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court